CHARLES H. DAUGHERTY ET AL. V. EDWIN BYLES ET AL.

*Tender discharging lien—Right to test existence of lien.*

In a bill to restrain the foreclosure of a mortgage of chattels, complainant relied upon the discharge of the mortgage lien by a tender. The evidence of a valid tender was conflicting, but it was shown that in a subsequent replevin suit between the same parties, involving the right to the same chattels on other grounds, the holder of the mortgage had recovered judgment for the value, taking no account of the mortgage as an existing lien. This showing was held to support the allegation that the lien had been discharged.

A previous suit which indirectly affords support to the allegation of a tender may be given in evidence in a chancery suit though not set up or mentioned in the pleadings.

A purchaser of mortgaged property has the right before sale to test the existence of the lien by a bill to restrain foreclosure, so that in case of an adverse decision he can have a chance to pay the amount due and save the property.

Appeal from Allegan. Submitted April 24. Decided June 4.

BILL to restrain foreclosure. Defendants appeal.

*Simonds & Fletcher* for complainants. Tender discharges a mortgage lien even if not kept good, *Moynahan v. Moore,* 9 Mich., 9; *Caruthers v. Humphrey,* 12 Mich., 270; *Van Husan v. Kanouse,* 13 Mich., 303; *Potts v. Plaisted,* 30 Mich., 149.

*Fenn & Donaldson* and *F. J. Littlejohn* for defendants. Equity has no jurisdiction where the remedy at law is ample (*Wales v. Newbould,* 9 Mich., 45; *Bennett v. Nichols,* 12 Mich., 22), and tender will sustain an action at law, *Cowles v. Marble,* 37 Mich., 158; *Eslow v. Mitchell,* 26 Mich., 500; *Sager v. Tupper,* 35 Mich., 134. The record and files in another case cannot be regarded unless put in issue, *Warner v. Whittaker,* 6 Mich., 133; *Barrows v. Baughman,* 9 Mich., 213; *Wurcherer v. Hewitt,* 10 Mich., 453; *Peckham v. Buffam,* 11 Mich., 529; *Covell v. Cole,* 16 Mich., 223.

COOLEY, J.  The bill in this case was filed to restrain the enforcement of a chattel mortgage upon a saw-mill and planing-mill.  The mortgage was given by John M. Burnett to Robert Bain, August 30, 1873, and was subsequently assigned to defendant Byles.  While Byles was owner, Burnett tendered the amount, which Byles did not receive.  There is a dispute between the parties regarding what took place at the time of this tender; Burnett claiming that the tender was unconditional, while Byles claimed that the attorney who made the tender insisted on its being received in full discharge and satisfaction of the lien, and that he (Byles) declined to so receive it until he had had an opportunity to ascertain the amount of costs that had been made in certain previous proceedings.  These previous proceedings are not now very material, as no facts are shown which would entitle Byles to add the costs to the amount of the mortgage.

If the case were to turn upon the evidence of what took place at the time of the tender, we should be greatly embarrassed in disposing of it, so conflicting is the evidence.  But there is evidence of subsequent transactions which we think shows very clearly that the parties understood an effectual tender had been made, and that the lien of the mortgage had been discharged thereby.

Burnett, it seems, after the tender had been made, transferred the mill to Daugherty.  Byles was a judgment creditor of Burnett, and claiming this transfer to be fraudulent in law, as against Burnett's creditors, he caused execution to be levied upon the mill.  Daugherty replevied it of the officer, but was beaten in the replevin suit, and the officer, for the benefit of Byles, recovered judgment for the amount of his lien and costs, which Daugherty paid.  The amount of the judgment must have been equal to the full value of the property at that time.  It appears that in the replevin suit no notice was taken of the mortgage as an existing lien upon the mill: if it had been supposed to be valid, it is obvious

that Byles must have taken the property on his execution subject to it, and in assessing the value of the property for the purposes of a judgment against Daugherty when he had failed in his suit, the amount of the mortgage must have been deducted, since the only judgment that could have been "just between the parties" (Comp. L., § 6754) would have been one for the value of the property after deducting the amount of the lien upon it. Both parties, then, in the replevin suit, apparently proceeded upon the assumption that the mortgage lien was discharged.   If Byles had any undisclosed intention to insist upon it at some future time, his failing to disclose it, and taking judgment for the full value of the property, would have rendered it inequitable in him to set up a claim under it at a subsequent day.   While we cannot say that this would in law have amounted to a fraud, we think we are justified in saying that the concurring action of the parties in the replevin suit tends strongly to support the evidence establishing the tender, and justifies us in affirming the decree of the court below, which awarded a perpetual injunction against the foreclosure of the mortgage.   The decree will accordingly be affirmed, with costs.

We do not agree with the defendants that complainants have an adequate remedy at law.   They ought to be at liberty to test the existence of the mortgage lien before a sale of the property is made, in order that, if the decision should be adverse to them, they might, if they elect so to do, pay the amount and save the property.

Nor is the objection a valid one that evidence of the proceedings in the replevin suit, which are not set forth in the bill, is bringing before the court a case not made by the bill.   We consider this evidence as merely bearing upon the question of tender; and the tender is fully set forth in the bill, and relied upon.

The other Justices concurred.