STATE ex rel. BRUCE, Relator, *v.* DISTRICT COURT et al., Respondents.

(No. 2,256.)

(Submitted December 21, 1905. Decided January 3, 1906.)

*Contempt—Interference with Judicial Proceedings—Jurisdiction—Order to Show Cause—Sufficiency.*

Contempt—Interference with Judicial Proceedings—Resisting Officer.
    1. Resistence of, or interference with, an officer while endeavoring to take property into his possession pursuant to the provisions of Code of Civil Procedure, section 843, in an action in claim and delivery, is an interference with the proceedings of the court in the cause, and constitutes a contempt within the meaning of Code of Civil Procedure, section 2170, subdivision 9.
Contempt—Jurisdiction—Refusal to Receive Summons.
    2. The district court may punish a defendant in an action in claim and delivery for contempt (Code of Civil Procedure, section 2170), notwithstanding, technically, it had not acquired jurisdiction over him, by reason of the fact that he had refused to receive a copy of the summons or other papers which authorized the officer to take the property in con-

troversy into his possession, where it appeared that he knew the mission of the officer and openly announced his intention to prevent the officer from doing his duty in the premises.

Contempt—Order to Show Cause—Sufficiency.

3.   Where defendant, in an action in claim and delivery, appeared in court in obedience to an order to show cause why he should not be punished for contempt, and where the affidavit served with the order stated a contempt, the defendant may not be heard to complain that the judgment of conviction is void in that the order required him to show cause for an unlawful interference with the *process* of the court, whereas he was convicted of an unlawful interference with its *proceedings.*

ORIGINAL application for writ of *certiorari* by the state on the relation of E. H. Bruce, against the district court of the second judicial district in and for the county of Silver Bow, and George M. Bourquin, a judge thereof. Proceedings dismissed.

*Mr. J. T. Fitzgerald,* for Relator.

*Messrs. Sanders & Sanders,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

*Certiorari.* The relator was adjudged guilty of contempt by the district court of Silver Bow county, and by this proceeding seeks to have the judgment of conviction annulled, on the ground that it is void because made in excess of jurisdiction.

From the record it appears that on October 3, 1905, an action was commenced in the district court of Silver Bow county against the relator by one Dennis O'Connell, to recover the possession of a horse and buggy, of the value of $150; that upon the filing of the complaint summons was issued and delivered to the sheriff with a copy of the complaint for service; that at the same time the plaintiff in the action delivered to the sheriff a proper affidavit and undertaking on claim and delivery, with an order indorsed upon the affidavit directed to the sheriff, requiring him to take the property from the possession of the relator; that the sheriff thereupon directed Patrick F. Meagher, one of his deputies, to serve the summons and take possession

of the property as directed in the order; that the deputy proceeded to the residence of the relator, and, having found him there in the possession of the property, made known to him his mission, and thereupon offered to deliver to him copies of the summons and complaint, and also of the undertaking and affidavit with the order indorsed thereon; that the relator refused to receive them, or any of them; that the relator also told the said deputy that the property was his and that he was going to defend it; that the deputy having told the relator that he was going·to take it from the barn where it was locked up, the relator with threatening demeanor said: "You get it! You lay your hands on that lock"; that thereupon the deputy, fearing violence, went for assistance; that upon his return he found that the property had been taken away; and that since that time neither the sheriff nor any of his deputies has been able to find the property and take possession of it under the order in compliance with the statute. On October 12th, the foregoing facts having been made to appear to the court by affidavits filed by plaintiff in the action, and the said Meagher, an order was made requiring the relator to show cause why he should not be punished for contempt for his action in the premises. Upon a hearing the relator was found guilty and sentenced to pay a fine of $175, and, in default of payment, to be confined in the county jail until payment be made, or until he had served one day for every two dollars thereof.

Contention is made that the judgment of conviction is void, (1) in that it does not appear that the relator unlawfully interfered with the process or proceedings of the court; and (2) in that the order issued to the relator in the contempt proceeding required him to show cause why he should not be punished for unlawful interference with the *process* of the court, whereas he was convicted of an unlawful interference with the *proceedings* of the court.

1. Section 2170 of the Code of Civil Procedure provides: "The following acts or omissions, in respect to a court of justice, or proceedings therein, are contempts of the authority

of the court: * * * 9. Any unlawful interference with the process or proceedings of a court. * * * '' This provision defines as a contempt not only any unlawful interference with the process of the court, but also with its proceedings, whether technically falling under the head of ''process'' or not.

It is said by the relator that any resistance of, or interference by him with, the sheriff in his effort to obey the order of the plaintiff indorsed upon the affidavit, was not an interference with the process of the court, because the order was not made by the court, nor was it authorized by it or issued under its authority. By section 3463 of the Code of Civil Procedure, ''process'' is defined as a writ issued in the course of judicial proceedings; and the word ''writ'' is defined as an order or precept in writing, issued in the name of the state, or of a court or judicial officer. The order in question does not fall strictly within the definition of the word ''process'' as given in this section; but, without stopping to discuss the nature of the order, it is sufficient to say on this point, that it is one of the *proceedings* in an action of this character authorized by statute, and performs the office of process, whether it be called technically ''process'' or merely a ''proceeding in the case.'' The action of the relator in resisting the officer who was proceeding in obedience thereto and undertaking to accomplish one of the necessary steps in the case authorized by law (Code of Civil Procedure, section 843), was clearly an interference with the proceedings of the court in the cause and was a contempt.

The word ''proceeding'' applies to any step to be taken in a cause which is authorized by law in order to enforce the rights of the parties or effectuate the proper conduct of it while pending in court. The idea could not for a moment be tolerated that the defendant in an action in claim and delivery could, by a sufficient resistance to the officer, avoid service of the summons and order, and then make such disposition of the property involved that it could not be taken possession of by the

officer and held pending investigation of the question of title, thus defeating the purpose of the action.

The writ of replevin has been dispensed with in this state, and the proceedings provided for under sections 840 et seq. of the Code of Civil Procedure, to gain possession of the property and to hold it pending the trial of the cause, has been substituted in its stead. So that, whether it be called ''process'' or a ''proceeding in the case,'' any unlawful interference with it by the defendant is a contempt of the authority of the court.

It is also said by counsel for relator that the record shows that at the time of the occurrence of the acts charged as a contempt, the defendant had not been served with summons, and therefore the court had not acquired jurisdiction over him in the action. It is true that, in a technical sense, he had not been served with summons, for, though informed by the deputy that the latter had that process in his hand, he refused to receive the copy of it or of any of the other papers, and at once announced the intention to prevent the taking of the property. Under these circumstances he cannot be heard to say that he did not interfere with the proper conduct of the proceedings of the court in the action. He knew the mission of the deputy sheriff, and knew that he had the summons and other papers authorizing the taking of the property. His behavior was not only a contempt of the authority of the court, but a flagrant one.

2. The second contention, we think, is without merit. The order served upon the defendant directed him to show cause why he should not be punished for contempt of the authority of the court. No complaint is made but that the affidavits state a contempt. Whether the order to show cause should have been more specific in designating the particular contempt is a question that we need not discuss, because the defendant appeared in obedience to the order, and was found guilty after hearing and full investigation of the facts constituting the particular contempt. Besides, the order when served was accompanied by copies of the affidavits setting forth the facts con-

stituting the charge. Such being the case, we are of the opinion that he has no cause to complain.

The writ heretofore issued is set aside and the proceedings dismissed.

*Dismissed.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.