### HAYWOOD v. LOCKWOOD et al.

(Supreme Court, Special Term, Erie County.   April 5, 1915.)

1. CHATTEL MORTGAGES ⬷⇒256—ENJOINING FORECLOSURE.

Where a chattel mortgagee has the right under a power of sale to foreclose without action, the validity of the mortgage can be tested only by action to have it adjudged null and void, or paid, in which action the mortgagee may ask foreclosure of the mortgage and be restrained from enforcing the power of sale pendente lite.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 528; Dec. Dig. ⬷⇒256.]

2. SALES ⬷⇒40—MISREPRESENTATIONS—MATERIALITY UNDER LIQUOR TAX LAW.

Where the seller of hotel equipment, who took a chattel mortgage for the purchase price, falsely stated that he had not been convicted of keeping a disorderly house, such misrepresentation was material to the value of the hotel property, and gave rise to a right of action, under Liquor Tax Law (Consol. Laws, c. 34), § 36, subd. 7, providing that, if the holder of any liquor tax certificate shall be convicted of keeping a disorderly house, he shall forfeit his certificate and be deprived of all rights and privileges thereunder, and gave rise to a right of action to set aside the sale and mortgage.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 79–83; Dec. Dig. ⬷⇒40.]

3. INJUNCTION ⬷⇒175—MOTION TO DISSOLVE—SCOPE—ISSUES.

In an action to declare void a chattel mortgage given to secure the price of goods, the sale being alleged to have been vitiated by fraud, where defendant's affidavits, on motion to dissolve an injunction restraining the foreclosure pending suit, merely put in issue the allegations of the complaint, the issue of fraud could not properly be determined on the hearing of the motion on affidavits; the litigation not requiring unusual expedition, and it not being clear that the evidence on the trial would not enlighten the court.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 388; Dec. Dig. ⬷⇒175.]

⬷⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. INJUNCTION ⟨∞⟩161—SETTING ASIDE—DISCRETION OF COURT.

   The ·granting of a motion to vacate a temporary injunction, in a suit to declare void a chattel mortgage to secure the purchase price of hotel furnishings, was within the sound discretion of the court.

   [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 347; Dec. Dig. ⟨∞⟩161.]

5. INJUNCTION ⟨∞⟩163—TEMPORARY INJUNCTION—SETTING ASIDE—GROUNDS.

   Where defendants failed to show that plaintiff could not reasonably hope to succeed in his suit to declare void for fraud and misrepresentations a chattel mortgage to secure the purchase price of hotel furnishings, defendants' motion to vacate a temporary injunction restraining foreclosure by exercise of power of sale must be denied.

   [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 357–371; Dec. Dig. ⟨∞⟩163.]

Action by George Haywood against William Lockwood and Ellen Lockwood. Motion to vacate an injunction denied, with a proviso.

William Armstrong, of New York City, for the motion.
George H. Wade, of Buffalo, opposed.

WOODWARD, J. This is an appeal to the equitable powers of the court to set aside as fraudulent and void a certain chattel mortgage on the business equipment of a hotel located at 98 Main street, Tonawanda, N. Y., and given to secure the payment of $1,000 to the defendant George Lockwood. The complaint alleges the purchase by the plaintiff of the property in question, and sets forth facts which, if established upon the trial, would entitle the plaintiff to the relief demanded. A preliminary injunction was granted upon affidavits, and the defendants now move this court to vacate and set aside such injunction order.

[1] It is well recognized that, where a mortgagee has the right under a power of sale contained in a chattel mortgage to foreclose the same without action, the validity thereof can only be tested by an action to have it adjudged that it is null and void, or that it has been paid, in which action the mortgagee may properly ask for the foreclosure of the mortgage. Pending the determination of such action, the mortgagee may be properly restrained from enforcing the power of sale contained in the mortgage. Bennett v. Wright, 77 Hun, 331, 28 N. Y. Supp. 453; Earle v. Gorham Manufacturing Co., 2 App. Div. 460, 472, 37 N. Y. Supp. 1037. There is no claim here that the discretion of the court was not properly exercised in granting the original order of injunction, no claim that the action may not be maintained, assuming the facts to be as alleged in the complaint and affidavits of the plaintiff, and the question presented upon this motion is whether the facts, as now supplemented and explained by the defendants, make it entirely clear that the plaintiff is not entitled to the relief demanded.

[2, 3] It is true that the defendants deny many of the material allegations of the complaint, but it does not appear to be denied that the defendant William Lockwood was under indictment for conduct‐ ing a disorderly house at 98 Main street, Tonawanda, at the time of the alleged fraudulent sale, and that he subsequently pleaded guilty

⟨∞⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to the charge. There can be no question that this had a very material bearing upon the value of the property disposed of under the provisions of section 36, subd. 7, of the Liquor Tax Law (Earle v. Gorham Mfg. Co., 2 App. Div. 460, 472, 37 N. Y. Supp. 1037), and if the plaintiff was fraudulently deceived, as he claims to have been in respect to this matter, he cannot be said to be without a cause of action. The denials of the defendants simply serve to put in issue the allegations of the complaint, and it does not seem to me that this is enough to justify the vacating of the order. I do not favor the suggestion that we now in effect determine the issues. Such a short cut to a conclusion is not avoidance of circuity, but departure from the common course, not to be permitted save in exceptional cases. There is no reason thus to accept trial by affidavits. The litigation does not appear to require unusual expedition, and it is not clear that the evidence upon a judicial trial will not further enlighten the court. Smith & Sons Carpet Co. v. Ball, 137 App. Div. 100, 122 N. Y. Supp. 187.

[4, 5] I take it that the granting of the present motion, like that involved in the original order, rests in the sound judicial discretion of the court (Smith & Sons Carpet Co. v. Ball, supra), and as I am persuaded that the defendants have failed to show that the plaintiff may not reasonably hope to succeed in the litigation, I feel called upon to deny the motion. However, it appears to be practically conceded that the original bondsman is insolvent, and the order may provide that the injunction be continued in force pending the trial of the action, on condition that a proper bond, approved by this court, be given within five days; otherwise, the motion to vacate the order be granted. No costs.