CLAUSSEN, APPELLANT, *v.* CHAPIN, SHERIFF, ET AL., RESPONDENTS.

(No. 5,398.)

(Submitted November 17, 1923. Decided December 12, 1923.)

[221 Pac. 1073.]

*Chattel Mortgages — Cancellation — Foreclosure — Injunction Pendente Lite—Complaint—Sufficiency—Pleadings—Amendments—Verification.*

Pleadings—Complaint—Amendments—When Right Absolute.
 1. The right of plaintiff to amend his complaint before demurrer or answer is secured to him by section 9186, Revised Codes of 1921, and therefore as to it the trial court may not exercise any discretion, and the right extends to correcting or supplying a verification.
Same—Amendment of "Proceedings"—Statute.
 2. While the word "proceeding" in its more general sense comprehends every step taken or measure adopted in the prosecution or defense of an action, in its more restricted sense as employed in section 9187, Revised Codes of 1921, allowing a party to amend any pleading or proceeding, it refers to every paper which may be properly employed in an action other than the pleadings.

[69 Mont. 205.]

Injunction—Complaint—Verification Amendable.

    3. Under the rules above, *held,* that an affidavit, made on information and belief, in support of an application for an injunction, was a "proceeding," within the meaning of section 9187, and therefore amendable, before demurrer or answer, by substituting a verification may be determined.

Same—Complaint—Verification on Information and Belief—Improper Dissolution of Injunction After Amendment—Relation Back.

    4. Where after motion to dissolve a temporary injunction, but before hearing thereon, the court properly permitted plaintiff to substitute his affidavit made positively for one made on information and belief, the amendment related back to the commencement of the action, and it was error to dissolve the injunction after hearing on the ground that the complaint originally did not have a positive verification attached to it.

Appeal and Error—Wrong Reason for Correct Ruling.

    5. If a ruling of the district court may be justified upon any ground it will be sustained on appeal though based upon a wrong reason.

Injunction *Pendente Lite*—Complaint—Sufficiency.

    6. Complaint in an action to have a mortgage on personal property declared void because executed without authority by a trustee, and for ancillary relief by way of injunction to prevent the sheriff from selling the property, *held* sufficient to warrant injunctive relief to restrain sale and removal of the chattels beyond the jurisdiction of the court, the contention that plaintiff had a plain, speedy and adequate remedy at law in claim and delivery before sale, or in conversion after sale, being without merit under the circumstances.

Same—Purpose of Writ.

    7. The office of a temporary injunction is merely to preserve the *status quo* until upon a trial of the merits the rights of the parties may be determined.

*Appeal from District Court, Rosebud County; Robert C. Stong, Judge.*

SUIT by L. Claussen against George M. Chapin, Sheriff of Rosebud County, and the National Supply Company-Midwest, a corporation, to enjoin foreclosure of a mortgage. From an order dissolving a temporary injunction plaintiff appeals. Reversed.

*Messrs. Nichols & Myers,* for Appellant, submitted an original and a supplemental brief; *Mr. Henry L. Myers* argued the cause orally.

*Messrs. Belden & De Kalb* and *Mr. Merle C. Groene,* for Respondent, submitted a brief; *Mr. Groene* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

From the amended complaint in this action the following facts are made to appear: Early in 1922 this plaintiff, Henry Schlueter, and many other persons associated with them, by their joint efforts and investments acquired the right to explore certain tracts of land in Rosebud county for oil and gas. They also acquired a large amount of personal property consisting of drilling machinery and equipment, and proceeded to sink a well upon the leased land. They had sunk it to a depth of about 3,500 feet, and it was their intention to proceed with the work until commercial production was secured, or until it was ascertained that such production could not be had. In their operations the members of the association had expended approximately $80,000. For the purpose of carrying on their work they constituted Henry Schlueter manager, with the title "sole trustee," but they did not confer upon him any authority to dispose of or encumber the property of the association. Schlueter was also a member of a copartnership known as Schlueter Bros., engaged in farming, stock-raising and general contracting. The partnership had become indebted to the First National Bank of Rosebud to the extent of about $16,000, and to secure $7,500 of this partnership indebtedness, Henry Schlueter assumed to give a chattel mortgage upon the personal property of this association, signing the mortgage "Henry Schlueter, Sole Trustee." No part of the indebtedness thus secured was the indebtedness of the association, and the bank in accepting the mortgage took it with full knowledge that Schlueter did not have authority to execute it.

The National Supply Company-Midwest, a corporation, claiming to be the successor in interest of the bank in the ownership of the chattel mortgage, proceeded in August, 1923, to foreclose the mortgage under the power of sale contained in it, and to that end appointed the sheriff of Rosebud county its agent. Acting under that authority, the sheriff seized the property described in the mortgage and advertised it for sale for Septem-

ber 6. By taking possession of the property the sheriff stopped all drilling operations and prevented the association from continuing development work. Unless restrained, the sheriff and his principal, the National Supply Company-Midwest, will sell all of the property described in the mortgage and deprive the association thereof permanently. The property cannot be replaced, and if the sale is not prevented the members of the association will suffer great and irreparable injury. If the National Supply Company-Midwest is in fact the owner of the mortgage, it acquired it with full knowledge that Henry Schlueter did not have any authority to execute the mortgage either as trustee or otherwise.

This action was instituted by this plaintiff for herself and her numerous associates, many of whom reside in other states. The complaint prays that the chattel mortgage be declared null and void and that it be canceled of record, that a temporary injunction issue restraining the defendants from selling the property or interfering with the association in its possession or use of it, and that, upon final hearing, the injunction be made permanent.

Upon the complaint alone, and without notice, an injunction *pendente lite* was issued and served. Thereafter, and before demurring or answering to the complaint, the defendants appeared specially and moved the court to dissolve the injunction. The original complaint was verified by plaintiff upon information and belief. Before the motion to dissolve was heard, the court permitted plaintiff to amend her complaint in many particulars, and permitted her to append to it, as amended, the following verification:

"L. Claussen, being first duly sworn, deposes and says: That she is the plaintiff in the foregoing entitled action; that she has read and knows the contents of the foregoing complaint; that the contents thereof are true of her own knowledge.

"L. CLAUSSEN.

"Subscribed and sworn to before me this 22d day of September, 1923.

    " [Seal]                    D. J. Muri,

                        "Clerk, District Court."

After the amendments had been made, the court heard the motion and thereafter sustained it in an order which reads as follows: "The court grants defendants' motion to dissolve the temporary injunction, for the reason that the said injunction was based solely on plaintiff's complaint, which the court finds did not originally have a positive verification." From that order plaintiff appealed.

Section 9244, Revised Codes of 1921, provides: "An injunction order shall not be granted on the complaint alone, unless: 1. It be duly verified; 2. The material allegations of the complaint, setting forth the grounds therefor, be made positively and not upon information and belief." The fact that the complaint was not verified positively was made one of the grounds of the motion to dissolve the injunction.

The right which plaintiff had to amend her complaint be[1] fore defendants answered or demurred is secured to her by statute (sec. 9186), and is a right which could not be denied and respecting which the trial court could not exercise any discretion. (*State ex rel. Anaconda C. Min. Co.* v. *Clancy,* 30 Mont. 529, 77 Pac. 312.) That the right to amend is not restricted to any particular matter or to any particular portion of the pleading is indicated by the broad terms employed in section 9187, and that the right to amend extends to correcting or supplying a verification is recognized by all of the authorities. (Maxwell on Code Pleading, 564; 22 Ency. Pl. & Pr. 1052; 21 R. C. L. 579; 31 Cyc. 546.) We need not stop to consider whether the verification is technically a part of the pleading—it is a part of it in the sense that it is required by statute in an action of this character (secs. 9163, 9244), and it is subject to amendment under the rule above. (*Barber* v. *Reynolds,* 33 Cal. 497; *Woodward* v.

*State,* 173 Ala. 7, 55 South. 507; *Hughes* v. *Feeter,* 18 Iowa, 142; 22 Cyc. 932.)

It is true, as counsel for defendants contend, that whenever, **[2, 3]** as in this instance, the injunction is issued upon the complaint alone, the complaint serves a dual purpose—as a pleading it must state a cause of action, and as an affidavit it must furnish the evidence necessary to move the court to act (*Benepe-Owenhouse Co.* v. *Scheidegger,* 32 Mont. 424, 80 Pac. 1024); but this concession does not alter the situation in the least. Our statute of jeofails and amendments (sec. 9187 above) is not limited in its application to pleadings alone; by its very terms it provides that any pleading or proceeding may be amended in furtherance of justice. While in its more general sense the term "proceeding" comprehends every step taken or measure adopted in the prosecution or defense of an action (*State ex rel. West* v. *McCafferty,* 25 Okl. 2, L. R. A. 1915A, 639, 105 Pac. 992; *Sherman* v. *Southern Pac. Co.,* 31 Nev. 285, 102 Pac. 257; 3 Words and Phrases, 2d Series, 1233), in the more restricted sense in which it is used in section 9187 it refers to every paper which may be employed properly in an action, other than the pleadings. (*Wilson* v. *Allen,* 3 How. Pr. (N. Y.) 369; *Hopewell* v. *State,* 22 Ind. App. 489, 54 N. E. 127; *Johnson* v. *Jones,* 2 Neb. 126.)

In *State ex rel. Nissler* v. *Donlan,* 32 Mont. 256, 80 Pac. 244, this court said: "A motion is but a step in a case, or proceeding in a case." In *State ex rel. Bruce* v. *District Court,* 33 Mont. 359, 83 Pac. 641, it was held that the order indorsed upon the affidavit in a claim and delivery action "is one of the proceedings in an action of this character." In *Wilson* v. *Macklin,* 7 Neb. 50, it was held that the affidavit in a replevin action is a proceeding within the meaning of a statute somewhat similar to our statute (sec. 9187 above).

But it is idle to multiply citations. There cannot be any doubt that an affidavit used in support of an application for an injunction is a proceeding within the meaning of section

9187, and is subject to the same liberal rule of amendments as is a pleading. (2 Cyc. 33.)

The amendments, when made, related back to the commence-[4] ment of the action (*Clark* v. *Oregon Short Line R. R. Co.,* 38 Mont. 177, 99 Pac. 298; 25 Cyc. 1305); so that, when the court came to consider the motion to dissolve, it had before it a complaint duly verified as required by section 9244, and the fact that the complaint as originally drawn did not have the proper verification afforded no ground whatever for the order dissolving the injunction (*Humphrey* v. *Buena Vista Water Co.,* 2 Cal. App. 540, 84 Pac. 296).

However, the particular reason assigned by the district [5] court for dissolving the injunction is not very material; if the ruling was justified upon any grounds assigned it will be sustained. (*Stephens* v. *Conley,* 48 Mont. 352, Ann. Cas. 1915D, 958, 138 Pac. 189; *Canning* v. *Fried,* 48 Mont. 560, 139 Pac. 448.)

The only other ground of the motion is that the complaint [6] does not state facts sufficient to warrant equitable relief by way of injunction. It is insisted by defendants that, if the allegations of the complaint are true, plaintiff had a plain, speedy and adequate remedy at law—in claim and delivery before the sale, or in conversion after sale. If the chattel mortgage were void on its face, there might be merit in this suggestion, but such is not the fact. So far as the mortgage itself is concerned, the debt secured by it may have been the debt of the association, and Schlueter may have had express authority to execute the mortgage. It will require evidence *aliunde* to establish plaintiff's contention that no part of the debt secured is the debt of the association, and that Schlueter was without authority to encumber the property of the association. The very question here in controversy is the validity of the mortgage, and no one would contend seriously that a court of law can set aside and cancel a mortgage for fraud. If it be a fact that the mortgaged property has a determinable market value, that of itself does not pre-

vent the interposition of a court of equity. Plaintiff cannot be compelled to submit to an involuntary transfer of her property merely because someone else wants it and is willing to pay full value for it. It would be a singular rule of law, indeed, which would permit A to take B's property in satisfaction of C's debt, and compel B to accept such compensation as a jury might award as the value of the property.. Property rights in this country are not held by any such precarious tenures. If the mortgage is in fact void, plaintiff has the right to have it so declared and the property released from the apparent lien. If the mortgage is valid, she has the right to pay the debt and save the property. But in either event she has the right to have the validity of the mortgage determined, and, under the facts stated, a court of equity is the only tribunal which can determine that question.

The injunction sought in this instance is merely ancillary to the principal purpose of the suit, which is to have the mortgage declared void and canceled of record; but, if defendants are not enjoined, the property will be sold and may then be removed beyond the jurisdiction of the court, so that a trial and determination of the principal controversy thereafter would be futile.

These principles are elementary, and we content ourselves with the citation of a few leading cases which sustain them. (*Seabrook* v. *Mostowitz*, 51 S. C. 433, 29 S. E. 202; *Haywood* v. *Lockwood*, 90 Misc. Rep. 31, 152 N. Y. Supp. 483; *People* v. *Yates*, 88 Miss. 289, 40 South. 996; *Hodson* v. *Eugene Glass Co.*, 156 Ill. 397, 40 N. E. 971; *Daugherty* v. *Byles*, 41 Mich. 61, 1 N. W. 919; *Smith* v. *Werkheiser*, 152 Mich. 177, 125 Am. St. Rep. 406, 15 L. R. A. (n. s.) 1092, 115 N. W. 964; *Kindall* v. *Lincoln Hdw. & Implt. Co.*, 8 Idaho, 664, 70 Pac. 1056.)

The office of a temporary injunction is merely to preserve
[7]   the *status quo* until upon a trial of the merits the rights

of the parties may be determined. (*Donlan* v. *Thompson Falls C. & M. Co.*, 42 Mont. 257, 112 Pac. 445.)

In *Atkinson* v. *Roosevelt County*, 66 Mont 411, 214 Pac. 74, this court reiterated the rule so often declared: "And the court should be inclined to issue a temporary injunction applied for where the plaintiff has made out a *prima facie* case, or if, upon the showing made, it is left doubtful whether or not the plaintiff will suffer irreparable injury before his rights can be fully investigated and determined; it is not necessary that a case be made which would entitle him to relief at all events on final hearing. * * * It is not necessary that the court be satisfied that the plaintiff will certainly prevail on the final hearing; 'a probable right, and a probable danger that such right will be defeated, without the special interposition of the court,' is all that need be shown."

In dissolving the injunction, the court in effect denied the plaintiff the right to have the validity of the chattel mortgage determined, and in so ruling it erred. A more appropriate case for the interposition of a court of equity could not well be stated.

The order is reversed.

*Reversed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.

Rehearing denied January 15, 1924.