BRYANT, RESPONDENT, *v.* DAVIS ET AL., APPELLANTS.

[No. 1,096.]

[Submitted April 21, 1899. Decided May 15, 1899,]

*Trusts—Judgment on Pleadings—Amendment—Verification— Appeal—Final Order.*

1. Where, in a suit to enforce a resulting trust, the complaint alleges a specific agreement by defendants to purchase property for the benefit of plaintiff, and the answer specifically and generally denies the allegations of the complaint, and affirmatively sets up a different agreement which raises material issues, which, if proven to have been made, would have defeated plaintiff's recovery, a judgment on the pleadings cannot be entered for plaintiff.
2. When there are two defendants to an action, and one of them is absent from the county and the other is a corporation, answers verified on the best knowledge, information, and belief of the persons making them, are correct under Section 731, Code of Civil Procedure. Plaintiff is not entitled to judgment on the pleadings merely because the verification of the answer is defective, as the verification is no part of the pleadings.

3. Where an appeal is taken from a "judgment and order * * * denying defendants' motion to vacate," the recital of several nonappealable orders does not lessen the effect of the appeal from the judgment, and those orders made therein, which are reviewable on appeal from the judgment.

4. A judgment declaring a trust and removing the trustee is a final order, from which an appeal will lie, under Section 1722, Code of Civil Procedure, notwithstanding that it directs the trustee to file an inventory and an account of all property received by him as trustee.

5. An amended answer may be filed pending a motion by plaintiff for judgment on the pleadings.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

SUIT by William C. Bryant against Andrew J. Davis and the First National Bank of Butte. There was a judgment for plaintiff, from which defendants appeal. Reversed.

*Geo. A. Clark,* for Appellants.

*Wm. C. Bryant* and *Wells Hendershott* for Respondent.

**HUNT, J.** Action to establish and enforce a trust arising out of an alleged parol agreement between plaintiff and defendant bank. Plaintiff asked the court to require the trustee to account, to remove the trustee, to appoint another, and for general relief. Defendants filed separate answers. Plaintiff's motion for judgment on the pleadings was granted and judgment entered for plaintiff. Defendants appeal.

1. Defendants are correct in their contention that the court erred in rendering judgment on the pleadings. Plaintiff set up, among other things, a specific agreement under which defendant Davis was to act for plaintiff and defendant bank in the matter of buying a certain property to be sold under execution, and to hold title to the same for plaintiff and the defendant bank, dispose of the same, and pay over the proceeds to plaintiff and the bank, according to their respective claims against certain judgment debtors. By answer, Davis denied "the agreement alleged, or any such agreement whatever," that the property levied on under execution should be sold thereunder for plaintiff's and the bank's benefit, or that the proceeds of any sale should be distributed between

plaintiff and defendant; denied that upon the sale he was selected to bid in the property, or in any manner to hold title to the same, for plaintiff and the bank; denied "that upon the sale under the execution mentioned, or upon any sale in furtherance of the agreement alleged, or any such agreement to carry out said alleged agreement, or any such agreement, said Davis purchased any or all of the property levied upon as alleged, or in any manner;" denied that at any time, "pursuant to the agreement alleged, or any such agreement, or to carry out said alleged agreement, or any such agreement, said Davis took or held possession of any or all of the property mentioned, or held title to the same, or any part thereof, as trustee for the plaintiff and said bank, or commenced the execution of the trust, or any trust in favor of said plaintiff, under any contract with him or anybody else." In addition to these and other specific denials, he denied generally all the allegations of the complaint not specifically admitted or denied.

We look upon the foregoing specific denials as sufficient to raise an issue as to the existence of the agreement set forth in the complaint, while the general denial put in issue whatso-ever was not specifically admitted or denied. There may have been an agreement between the defendant Davis and the bank; but, if in its essential features it was not the agreement pleaded by plaintiff, plaintiff could not recover under the allegations of this complaint. Where there are distinct denials of facts material to plaintiff's recovery, plaintiff is not entitled to have such denials treated as nullities, so as to obtain judgment on the pleadings. (*Bach, Cory & Co.* v. *Montana Lumber & Produce Co.*, 15 Mont. 345, 39 Pac. 291.)

The answer of the bank also denied the agreement pleaded by plaintiff, and that the agreement pleaded, or any such agreement, was acted upon by itself or Davis. It also denied generally all the allegations of the complaint not specifically admitted or denied, and affirmatively, though needlessly, set up a materially different agreement from that pleaded by plaintiff—one which, if proven to have been made, would

have defeated plaintiff's recovery. This answer likewise raised material issues upon which evidence should have been heard.

2. The fact that the answers were verified on the best knowledge, information and belief of the persons making them cannot affect the materiality of the issues raised by the averments of the pleadings themselves, which were positively stated. Davis was absent from the county when his answer was filed, and defendant bank is a corporation. The verifications were correct. (Code of Civil Procedure, Section 731.) Again, verifications are no part of the pleadings (*Johnson* v. *Puritan Mining Co.*, 19 Mont. 30, 47 Pac. 337); and under no circumstances will a motion for judgment on the pleadings lie, unless upon the pleadings themselves a party is entitled thereto.

3. Respondent says that the order appealed from is not a final judgment, but an order for a judgment, and cites us to *Nelson* v. *Donovan*, 14 Mont. 78, 35 Pac. 227. This appeal, however, is "from the judgment and order made and entered in the above-entitled action  *  *  *  in favor of the above-named plaintiff and against said defendants, denying defendant Davis' motion to vacate," etc. The recital of the several orders of the court made before judgment, not embraced in the judgment proper, even if said orders are not appealable, should not be construed as lessening the effect of the appeal from the judgment and those orders made therein, which are reviewable on appeal from the judgment.

4. Respondent finally says that the judgment is not a final judgment from which an appeal lies under Section 1722 of the Code of Civil Procedure. This argument rests upon the fact that the court in its judgment, after declaring Davis a trustee and ordering him removed, and that he be devested of title to the property held by him as trustee, ordered him to file an inventory of property and statement of all money received by him as trustee under the sale made by him. But in adjudging Davis to be a trustee under the agreement alleged in the complaint, and in summarily removing him from the position

of trust, and devesting him of title to the trust property, the court did finally determine the rights of the parties, leaving nothing at all for Davis to do, except within 10 days to "make a full, true and perfect inventory, under oath, of all property of every name and nature acquired by him at the execution sale aforesaid, together with a statement of any and all moneys that came into his hands under, by, or through the sale aforesaid, * * * and file the same * * * with the clerk of this court," and to turn over all property and money held by him as trustee to Emmett Callahan, who was appointed Davis' successor in the same decree of the court.

This branch of the case is disposed of by the decision in *Arnold* v. *Sinclair*, 11 Mont. 556, 28 Am. St. Rep. 489, 29 Pac. 340, where it was determined that, if after a decree in equity has been entered no further questions could come before the court except such as are necessary for carrying the decree into effect, it is final, within the meaning of the Code. (Code of Civil Procedure, Sections 1000, 1722.) Without fully approving of that doctrine, which has been distinctly repudiated by the United States Supreme Court in *Latta* v. *Kilbourn*, 150 U. S. 524, 14 Sup. Ct. 201, decided since *Arnold* v. *Sinclair*, we yet recognize that it has the support of many cases, and hold that in this instance it ought not to be departed from.

5.   Defendants were denied leave to file amended answers, the court saying:  "The motion to file amended answers having been filed while the motion for judgment on the pleadings was pending, the court applies the same rule in this case as in cases where demurrers are confessed and the party demurring pleads over, which is a substantial confession, and in every case is so treated.   In view of all of which, the motion for leave to file amended answers is hereby overruled."   The court's position on this point cannot be sustained, and we advise that defendants be given permission to amend their answers, if they wish to do so.   Judgment reversed.

*Reversed.*

BRANTLY, C. J., and PIGOTT, J., concur.