STATE EX REL. JENSEN, RELATRIX, *v.* DISTRICT COURT
ET AL., RESPONDENTS.

(No. 7,635.)

(Submitted November 12, 1936. Decided December 11, 1936.)

[64 Pac. (2d) 835.]

462

*Mr. S. J. Rigney,* for Relatrix, submitted a brief and argued the cause orally.

*Messrs. Doyle & Bowe,* for Respondents, submitted a brief; *Mr. D. W. Doyle* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This is an original proceeding seeking a writ of supervisory control directed to the respondent court to annul an interlocutory order requiring the relatrix to deposit a specified sum with the court on account of alleged delinquent taxes under the provisions of section 2214, Revised Codes.

Relatrix brought an action in the respondent court to quiet her title to certain lands. The complaint is in the ordinary short form in common use in actions of that class. To this complaint the defendant in the action filed answer and cross-complaint. Aside from admitting the corporate existence of the defendant Sherburne Mercantile Company as pleaded by plaintiff, the defendant answered denying all of the other allegations and affirmatively alleged the usual averments in a complaint to quiet title as against the plaintiff, and in addition asserted that the defendant had theretofore secured from the county treasurer a tax deed to the lands and premises in question which was of record. On the day of the filing of the answer and cross-complaint the defendant filed an affidavit pursuant to the provisions of section 2214, seeking thereby an order to show cause why the plaintiff should not be required to deposit the amount of the taxes on the land, together with interest and penalty, paid by the defendant, as a condition to her right to proceed with the action, the sum, when so deposited, to be applied by the court in accordance with the provisions of this section. Attached to the affidavit as an exhibit was a copy of the tax deed. An order to show cause was is-

sued on this affidavit and served in accordance with the statute. On the return day of the order to show cause plaintiff appeared by motion to quash the order to show cause, and set forth that it appeared that the lands in question were Indian lands on the Blackfeet Indian Reservation, and that under the law these lands were not assessable and therefore no taxes were due nor legally assessed against them; that therefore the deed was illegal and wrongfully and illegally issued in the first instance, stating that the court must take judicial notice of the federal statutes and treaties relating thereto, and that, as to such Indian lands, the county of Glacier was without right or authority of law at any time to assess and levy any taxes against the lands during the trust period under the laws of the United States.

The minutes of the trial court fail to show that any hearing was had on the return day of the order to show cause. On that day an order was made requiring the plaintiff to deposit the sum of $1,161 as the amount of the taxes, interest and penalty. The order recites that proof was made at that time as to the due service of the order to show cause and that the court has jurisdiction to determine the amount of taxes, interest and penalties which had been regularly and legally assessed and taxed against the property of the true owner.

After these proceedings the relatrix filed her application for a writ in this court. In addition to the matters previously noted, it appears that the relatrix, Jessie Jensen, is a member of the Blackfeet tribe and that the lands described in the pleadings were Indian lands on the Blackfeet Reservation; that a trust patent was issued to relatrix as an allottee of such lands on March 10, 1918, which patent was in the usual form, reserving the fee to the lands in the United States for a period of twenty-five years, that on August 16, 1918, a fee patent was issued by the General Land Office to relatrix Jensen without her making an application therefor and without her consent, which patent was forwarded to the superintendent of the Blackfeet Indian Reservation at Browning, Montana, and that in some manner unknown to relatrix this

patent was, without her knowledge and consent, recorded in the office of the county clerk and recorder of Glacier county, and that thereupon the taxing authorities proceeded to assess these lands, levy taxes thereon and proceeded to sell them at a tax sale, which subsequently resulted in the issuance of the tax deed to the defendant in the quiet title action. It is asserted that by reason of these various facts and the laws applicable, the lands were not subject to taxation by the taxing authorities of Glacier county until the expiration of the time specified in the trust patent.

The respondent court has appeared by motion to strike, thereby seeking to eliminate from the application all those allegations of fact which were not found in the pleadings in the district court, moved to quash the writ, and made its return setting forth all of the pleadings, motions and papers filed in the action to quiet title.

Section 2214, supra, is a very long section and many of its provisions are not here in question; hence we will briefly notice the pertinent parts of the section. It provides that in any action brought to set aside or annul a tax deed, or to quiet title, and in certain other actions involving the validity of a tax deed, "the purchaser or his successor upon filing an affidavit may obtain from the court an order directed to the persons claiming to own the property, * * * commanding him to deposit in court to the use of the tax purchaser or his successor the amount of all taxes, interest and penalties which would have accrued if said property had been regularly and legally assessed and taxed as the property of said true owner," etc. The section then provides that the order shall set forth these amounts and direct the plaintiff to pay the same into court, "or to show cause on a date to be fixed in said order not exceeding 30 days from the date thereof why such payments should not be made." Following this a method for the service of the order is provided, and then the section declares: "Upon the hearing of the order to show cause the court shall have jurisdiction to determine said amount and to make an order that the same be paid into court" within a given time.

The section further provides: "If such payments shall be made into court, and said true owner shall be successful in said action and said tax proceeding shall be held void, said sum shall be paid to the purchaser or his successors. If said true owner shall not be successful in said action and the title of said purchaser or his successor shall be sustained said money shall be returned to said true owner." The section further declares that errors may be reviewed on appeal from the final judgment. It will thus be noted from the provisions of the section itself that any errors committed by the trial court may be reviewed on appeal from the final judgment. (*Shull* v. *Lewis and Clark County*, 93 Mont. 408, 19 Pac. (2d) 901.)

The constitutionality of section 2214 was sustained by this court in the case of *State ex rel. Souders* v. *District Court*, 92 Mont. 272, 12 Pac. (2d) 852, "when applied to a case * * * where no attack is made upon the tax as such but only upon the tax proceedings." Here it is asserted not only that the tax sale proceedings are void, but that the tax on which they were based is likewise void, and thereby a grave question arises as to the constitutionality of this statute if it is construed to require the deposit of money as a condition precedent to proceeding with the action where, as here, it is asserted that the tax itself was void.

If the Act, however, is construed to require the court on the hearing of the order to show cause to determine the validity of the tax as a condition precedent to making the order to pay the deposit, this constitutional question is eliminated. All of what we have said presupposes that the question of the validity of the tax has been or may be sufficiently raised.

It will be observed from the quotation supra, that the statutory direction given to the district court as to the disposition of the deposit, makes no provision for the distribution of the money in the event the plaintiff should prevail in this case upon the ground that the tax is illegal, other than to award it to the tax deed purchaser; and if it is determined that the tax in the first instance was illegal and void, then the statutory direction apparently would prevent a return of the money to

the plaintiff. Thus it is demonstrated that the remedy by appeal is inadequate, and that then the summary appeal by writ of supervisory control is available. Hence, this is a proper case for this court to exercise its supervisory power if the showing made warrants it. (*State ex rel. Tillman* v. *District Court*, 101 Mont. 176, 53 Pac. (2d) 107, 103 A. L. R. 376.)

It is argued that the motion to quash, not being verified, ▮ may not be considered as a pleading, and, therefore, there was nothing before the court to hear in response to the order to show cause. It does not appear, however, that any motion to strike was made directed to the motion to quash, or any attempt to question its sufficiency in any other manner in the respondent court. A verification is no part of a pleading, strictly speaking, and is unnecessary to vest the court with jurisdiction. Like any other formal matter, its absence is waived by failure to object. (*Johnson* v. *Puritan Mining Co.*, 19 Mont. 30, 47 Pac. 337; see, also, *Bryant* v. *Davis*, 22 Mont. 534, 57 Pac. 143; *State* v. *Landry*, 29 Mont. 218, 74 Pac. 418.) If it was necessary for the motion to be verified, it was such a defect as might be amended if necessary to meet any objection against it. (*Claussen* v. *Chapin*, 69 Mont. 205, 221 Pac. 1073.)

Section 2214, supra, makes no provision for the filing of any pleading in response to the order to show cause. The practice, it would seem, should be no different from that provided by the statute with reference to orders to show cause in connection with injunctions, where it is provided by statute that cause may be shown by affidavits or oral testimony (sec. 9247, ▮ Rev. Codes.) In the absence of statutory direction, we think the plaintiff here was entitled to show cause either by an appropriately sworn to pleading, or by oral testimony, and if any such affidavit is filed which is sufficient as a defense it is a sufficient showing of cause, in the absence of further proof. (*Rea Bros. Sheep Co.* v. *Rudi*, 46 Mont. 149, 127 Pac. 85.)

The motion to quash in a very imperfect manner called the attention of the court to the fact that the plaintiff desired to be heard and indicated that she desired to challenge the legality of the tax.

This court has held that the lands of an Indian allottee, until after the issuance of a fee patent, are exempt from taxation. (*Santa Rita Oil & Gas Co.* v. *State Board of Equalization,* 101 Mont. 268, 54 Pac. (2d) 117.) We have also recognized that as a result of agreements between Indians and the United States, rights may be created in an Indian which may come within the protection of the Fifth Amendment to the Federal Constitution. (*British-American Oil Producing Co.* v. *State Board of Equalization,* 101 Mont. 293, 54 Pac. (2d) 129, and cases there cited.) Provision is made by law (25 U. S. C. A., section 349) whereby the Secretary of the Interior is authorized to issue in certain instances fee patents prior to the expiration of the period expressed in the trust patent, and section 352 of the same Title provides that in certain instances he may cancel such fee patent. As we understand it, no such cancellation has been effected here. Some courts have held, under the circumstances similar to those represented to obtain here, that taxes levied on lands similarly situated are illegal and void, as illustrated in *United States* v. *Board of County Commissioners,* 13 Fed. Supp. 641, and also in the United States court for the District of Montana in the case of *United States* v. *Glacier County,* not yet reported. What we have here said with reference to the legality of the tax is not stated with the view of expressing an opinion upon that question, but rather to direct attention to the scope and extent of the question.

The trial court was in error in not hearing the order to show cause and in not permitting the plaintiff (relatrix) to be heard on the question of the legality of the tax or any tax upon the lands. Accordingly let a peremptory writ of supervisory control issue out of this court, directing the respondent court to annul the order heretofore entered directing the plain-

tiff to deposit the sum of $1,161 for the use and benefit of the tax deed holder, and to hear the order to show cause and to permit the plaintiff to be heard thereon.

ASSOCIATE JUSTICES MATTHEWS, STEWART and MORRIS concur.

MR. CHIEF JUSTICE SANDS, being absent, did not hear the argument and takes no part in the foregoing decision.