STATE of MONTANA, ex rel. E. C. CLARK and EVAN
OWENS, Relators, *v.* DISTRICT COURT of the TENTH
JUDICIAL DISTRICT, Fergus County, and the Honor-
able VICTOR H. FALL, Judge Presiding, Respondents.

No. 9494.

Submitted January 7, 1955. Decided January 20, 1955.

278 Pac. (2d) 1000.

Mr. G. J. Jeffries, Roundup, Mr. Howard C. Gee, Lewistown, for relators.

Mr. Ralph J. Anderson, and Mr. Stanley P. Sorenson, Helena, for respondent.

Mr. Jeffries, Mr. Gee and Mr. Anderson argued orally.

MR. CHIEF JUSTICE ADAIR:

On rehearing allowed and, on Jan. 7, 1955, had.

Original proceeding. Petition for supervisory control.

On February 18, 1954, R. B. Fraser and Rosabelle Fraser, his wife, as plaintiffs, commenced in the district court of Yellowstone County, a civil action against E. C. Clark and Evan Owens, as defendants, wherein a writ of attachment issued, directed to the sheriff of Fergus County who executed the same by attaching and taking into his custody personal property of defendants located in Fergus County.

On defendant's timely motion therefore the lower court made an order changing the place of trial to Fergus County and on plaintiffs' *appeal* to the supreme court therefrom such order was affirmed in Fraser v. Clark, 128 Mont. 160, 273 Pac. (2d) 105.

Thereafter on October 26, 1954, this original proceeding was instituted in the supreme court by filing herein a petition by the State of Montana on the relation of E. C. Clark and Evan Owens for a writ of supervisory control to be directed to the District Court of the Tenth Judicial District of the State of Montana, in and for the County of Fergus and Victor H. Fall, a judge presiding therein, seeking to have the supreme court *re-*

*view* and then annul an order made by Judge Fall refusing to dissolve the aforesaid attachment so issued in said civil action.

The Revised Codes of Montana of 1947 expressly provide for an appeal from an order refusing to dissolve an attachment and require that such appeal be taken within sixty days after such order is made or entered or filed with the clerk. R. C. M. 1947, sections 93-8003, subd. 2, and 93-8004, subd. 3.

"An appeal is taken by filing with the clerk of the court in which the * * * order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney. The * * * appeal is ineffectual for any purpose unless, within five days after service of the notice of appeal, an undertaking be filed, or a deposit of money be made with the clerk * * * or the undertaking be waived by the adverse party in writing." R. C. M. 1947, sec. 93-8005.

The provisions of sections 93-8003 subd. 2, 93-8004, subd. 3, ▆▆ ▆▆ and 93-8005, supra, are mandatory and jurisdictional. They must be strictly complied with. McVay v. McVay, 128 Mont. 31, 270 Pac. (2d) 393; Washoe Copper Co. v. Hickey, 23 Mont. 319, 322, 58 Pac. 866. They must be followed to give the supreme court jurisdiction to review the district court's order. Featherman v. Granite County, 28 Mont. 462, 464, 72 Pac. 972. The defendants' right to appeal is lost by the lapse of time. Kaufman v. Cooper, 38 Mont. 6, 9, 98 Pac. 504, 1135.

The right of appeal though guaranteed under the Constitution ▆▆ may be exercised only in obedience to the statutory regulations applicable. State ex rel. Cobban v. District Court, 30 Mont. 93, 95, 75 Pac. 862, 863; Jackway v. Hymer, 42 Mont. 168, 170, 111 Pac. 720.

In the last paragraph of their petition the defendants, here termed relators, represent to the supreme court "that the Relators have no plain, speedy or adequate remedy at law or by appeal from the order denying Relators' Petition to Dissolve said Attachment and have no means of determining the correct-

ness thereof, except by the issuance herein and the exercise by this Honorable Court of its Writ of Supervisory Control."

Of course the above representation is neither true in fact nor in law for sections 93-8003, 93-8004 and 93-8005 provide the defendants with a plain, speedy and adequate remedy by appeal and subdivision 3 of Rule XIII of the printed rules of this court expressly provides: "Appeals from orders * * * refusing to dissolve attachments * * * are entitled to precedence, and will, upon motion of either party, be advanced on the calendar."

R. C. M. 1947, sec. 93-8017, in part, provides: "On an appeal from an order * * * the appellant must furnish the court with a copy of the notice of appeal of the judgment or order appealed from, and of all papers and evidence used on the hearing in the court below. Such papers, files, and evidence, when certified by the clerk of the court to be correct and accompanied by a certificate of the judge that such records have been used at the hearing in the district court, may be considered on appeal without further identification. * * *"

R. C. M. 1947, sec. 93-8018, in part, provides: "All papers furnished to the supreme court on appeal shall, before the transcript is filed therein, be certified by the clerk or by the attorneys in the case to be correct, and must be accompanied with a certificate of the clerk or attorneys that an undertaking on appeal, in due form, has been properly filed, or that a deposit has been made as provided for in section 93-8013, or the stipulation of the party waiving an undertaking or deposit. * * *"

R. C. M. 1947, sec. 93-8019, in part, provides: "If the appellant fails to furnish the requisite papers, the appeal may be dismissed; * * *."

R. C. M. 1947, sec. 93-8020, provides: "The dismissal of an appeal is in effect an affirmance of the judgment or order appealed from, unless the dismissal is expressly made without prejudice to another appeal."

R. C. M. 1947, sec. 93-8001, so far as is here pertinent provides that an "order in a civil action * * * may be reviewed as pre-

scribed in sections 93-7901 to 93-7908 and 93-8001 to 93-8023, *and not otherwise."* Emphasis supplied.

The above statute, section 93-8001, is both prohibitory and jurisdictional. It limits the supreme court's right and power to review either the order or the proceedings and evidence on which such appealable order refusing to dissolve the attachment was based to the method expressly provided in and prescribed by sections 93-8001 to 93-8023 of which sections 93-8003, subd. 2, 93-8004, subd. 3, and 93-8005, supra, are a part. See McVay v. McVay,      Mont.   , 270 Pac. (2d) 393, at page 395; State ex rel. Reid v. District Court, 126 Mont. 489, 255 Pac. (2d) 693, 703; Campbell v. Campbell, 126 Mont. 118, 245 Pac. (2d) 847; State ex rel. Heinze v. District Court, 32 Mont. 579, 580, 81 Pac. 345.

The papers and files in the supreme court in the instant original proceeding fail to show that relators have complied with the provisions and requirements of the above enumerated controlling sections of the Revised Codes of Montana of 1947, or that relators have furnished the requisite papers to empower and enable this court to lawfully review the order refusing to dissolve the attachment of which relators here complain.

In Featherman v. Granite County, 28 Mont. 462, 463, 72 Pac. 972, 973, this court said:

"The appellate jurisdiction of the Supreme Court is given by the Constitution in the following language: 'The Supreme Court, except as otherwise provided in this Constitution, shall have appellate jurisdiction only, which shall be co-extensive with the state, and shall have a general supervisory control over all inferior courts, under such regulations and limitations as may be prescribed by law.' Article 8, sec. 2. 'The appellate jurisdiction of the Supreme Court shall extend to all cases at law and in equity, subject however to such limitations and regulations as may be prescribed by law.' Article 8, sec. 3. 'Writs of error and appeals shall be allowed from the decisions of the said district courts to the Supreme Court under such regulations as may be prescribed by law.' (Article 8, sec. 15.) The limitations which

'may be prescribed by law,' mentioned in Section 3, supra, refer to statutes in existence at the time of the adoption of the Constitution, and adopted by the schedule which is a part thereof, or statutes thereafter to be passed, specifying under what limitations appeals may be taken. The regulations which 'may be prescribed by law,' mentioned in each of these sections, also refer to statutes adopted or to be enacted, as above stated, providing the methods by which appeals and proceedings upon writs of error may be perfected. * * *

"It is, therefore, clear that, unless an appeal or writ of error is within the limitations prescribed in these statutes and perfected according to the regulations provided thereby, the court has no jurisdiction to entertain it. Therefore, to determine whether it has jurisdiction of an appeal or writ of error in any case, we must consider and determine at least two things: (1) Whether the appeal or writ of error is within the limitations prescribed by the statute; (2) whether the appeal or writ of error is perfected in accordance with the regulations provided by the statutes; and, possibly, a third, whether, in special cases where no specific method is provided by the statute for the perfection of an appeal, the court will entertain it, under its constitutional jurisdiction, and apply the provisions of statutes providing methods for perfecting appeals in analogous cases, or fix a method by order or rule of court.

"There is no doubt but that an appeal from a final judgment is provided for by the Constitution. It is also clear that this is not a special case or proceeding, from which an appeal is given by the Constitution, and no method provided by statute for its perfection. Therefore we need only consider the proposition whether, in taking the appeal in this case, the regulations prescribed by law have been followed. The methods of taking appeals, being statutory and jurisdictional, must be followed, in order to give this court jurisdiction to entertain the appeal. Washoe Copper Co. v. Hickey, 23 Mont. 319, 58 Pac. 866; Creek v. Bozeman Waterworks, 22 Mont. 327, 56 Pac. 362."

The legislature has expressly told the courts of this state that,

except when expressly made final by the Code, an "order in a civil action * * * may be reviewed as prescribed in sections 93-7901 to 93-7908 and 93-8001 to 93-8023, *and not otherwise.*" This statute means precisely what it says. It means that to clothe the supreme court with the essential power and authority to review Judge Fall's order of October 5, 1954, the parties who deem themselves aggrieved thereby must comply with the provisions of the above mandatory and jurisdictional statutes and that otherwise the appellate court is without jurisdiction to review the order.

Under the written law contained in the Constitution and statutes of Montana the defendants may not ignore and by-pass the statutes governing appeals and, in the absence of the taking of any appeal and by merely petitioning therefor, invest the supreme court with the requisite jurisdiction to review, set aside and annul District Judge Fall's order refusing to dissolve the attachment so issued out of the district court.

It appearing that the "regulations prescribed by law and particularly those prescribed in sections 93-8001 to 93-8006 and 93-8013, 93-8017 and 93-8018 have not been complied with and that the court is without jurisdiction in this original proceeding to review the order refusing to dissolve the attachment or consider the case, it is ordered:

That the alternative writ and order to show cause heretofore issued herein be vacated and set aside,—that a peremptory writ be denied,—that the instant proceeding be dismissed,—that the judgment and opinion pronounced herein on December 8, 1954, be recalled, withdrawn and set aside,—that this opinion stand as the opinion of the court herein and that remittitur issue forthwith.

MR. JUSTICES ANDERSON, BOTTOMLY, and DAVIS, concur.

MR. JUSTICE ANGSTMAN: (dissenting).

When the application for a writ of supervisory control or other appropriate writ was applied for, a majority of the court

thought the exigency of the case warranted a review by this court, by original writ, even though there existed the right of appeal.

We have frequently issued writs under such circumstances. See State ex rel. Odenwald v. District Court, 98 Mont. 1, 38 Pac. (2d) 269; State ex rel. Tillman v. District Court, 101 Mont. 176, 53 Pac. (2d) 107, 103 A. L. R. 376; State ex. rel. Jensen v. District Court, 103 Mont. 461, 64 Pac. (2d) 835, and many other cases that could be cited.

The facts giving rise to the emergency were alleged to be that valuable, purebred cattle are held under attachment in an action wherein an attachment is alleged to be improper.

The petition in this respect alleges: "These cattle, more than 350 head with 186 suckling calves are now and since last spring have been on pastures in Fergus County leased by Relators. While many times requested, Respondents during the entire summer and fall made, and at this time have made, no provisions for the care and feeding of said livestock. Not only have Respondents failed to make adequate or any provision for the care thereof, but the Sheriff of Fergus County has had great difficulty collecting expenses for a Deputy's assistance caring for the same;

"That notwithstanding Respondent Fraser was also in Lewistown at the time of the hearing, and the clear implication to the Court the situation would be immediately remedied, no action whatever has been taken to date * * *

"That the sheriff has been and represents to Relators he is unable to obtain pasture for said livestock, or for the feeding and wintering thereof; that at great expense and trouble Relators were able to obtain pastures for said stock during the summer months; that leases therefore expire November 1st, 1954; that they have been served with positive notice to remove said cattle on or before said date; that to obtain summer pastures at all it became necessary to pasture said stock in three widely separate pastures, about 30 miles apart; that the Sheriff's Deputy looking after said stock lives at Roy, Montana, about 12 miles

from the nearest pasture and about 36 miles from the farthest pasture; that it has been necessary for Relators to devote a great deal of time during the entire summer to look after and safeguard said livestock;

"That Relators have incurred great expense and have made great efforts to obtain pasture for said livestock; that repeated tentative leases for pastures, with advance cash rentals tendered, have been undermined and frustrated and that pastures for said stock cannot be obtained in Fergus County;

"That all of said cattle are purebred Herefords, and have heretofore been properly fed and cared for and that any failure to properly care for the same will occasion Relators great loss and damage; that the Respondents' undertaking on attachment, the bond furnished the Sheriff, and the Sheriff's official bond, each and all, are insufficient to adequately indemnify the Relators for losses so far sustained and which will accrue in case of failure to properly care for said livestock."

We issued an alternative writ. After hearing, four members of the court thought an attachment did not lie in the action and an opinion to that effect was promulgated and the peremptory writ was granted.

On motion for rehearing, I and some other members of the court had doubt about the correctness of the court's opinion on the merits of the case and consented to the granting of a rehearing.

I think we should now consider the case on its merits. I agree with much of what is said in the majority opinion on the subject of the requisites of a statutory appeal but all that is inapplicable here. If R. C. M. 1947, sec. 93-8001, is to be given the meaning now ascribed to it in the majority opinion then the constitutional right to a writ of supervisory control, Art. VIII, sec. 2, no longer obtains, and there can no longer be a writ of review under R. C. M. 1947, sec. 93-9001, and Article VIII, sec. 15, of the Constitution. We have now heard counsel for relators three times and counsel for respondents twice and I think it is folly to cause them to make another trip to Helena to argue the

same question on the same record on the appeal from the order complained of which we have been advised has been taken. If the case is one where the exigency is not sufficient to warrant relief by supervisory control or other appropriate writ, that determination should have been made before issuing the alternative writ. I think we should decide the narrow question now as to whether the case is one wherein an attachment is proper.