No. 00-742

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 205

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DALE FEIGHT and JOHN FEIGHT,

Defendants and Appellants.

APPEAL FROM: District Court of the Fifth Judicial District,

In and for the County of Jefferson,

The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

J. Michael Doyle, Bozeman, Montana; Gordon H. Williams, Bozeman, Montana

For Respondent:

Mike McGrath, Montana Attorney General, Cregg W. Coughlin, Assistant Montana Attorney General, Helena Montana; Valerie D. Wilson, Jefferson County Attorney, Boulder, Montana

Submitted on Briefs: August 9, 2001
Decided: October 11, 2001

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Dale and John Feight (the Feights) pleaded guilty in Jefferson County Justice Court to misdemeanor assault. They subsequently filed motions to withdraw their guilty pleas, but the Justice Court denied those motions. The Feights appealed the denial of their motions to the District Court for the Fifth Judicial District, Jefferson County. The District Court dismissed the appeal and remanded to the Justice Court. The Justice Court reinstated the judgments against the Feights. The Feights now appeal to this Court. We affirm.

¶2 The Feights raise the following issue on appeal: Whether the District Court erred in dismissing the Feights' appeal from a Justice Court order denying their motion to withdraw their guilty pleas.

## Factual and Procedural Background

¶3 On February 25, 2000, the Feights were each charged with misdemeanor assault in violation of § 45-5-201, MCA. The State's Complaint & Affidavit of Probable Cause claimed that on February 18, 2000, the Feights had "purposely or knowingly made physical contact of an insulting or provoking nature with Montana Highway Patrol Officer Jay Nelson, by pushing, yelling, expressing rage, and attempting to choke the officer." The assault charges arose out of an incident between the Feights and Officer Nelson after John was ejected from a boy's basketball game between Whitehall and Boulder high schools. John was a member of the Whitehall boy's basketball team at the time of the incident. Dale is John's father.

¶4 The Feighs' April 26, 2000 brief in support of their motion to stay execution of their sentence pending appeal to the District Court contains the following description of the incident. John was ejected from the basketball game for committing a foul after the whistle stopping play had been blown. As he was leaving the court, John expressed his frustration at being ejected by kicking the bleachers. Officer Nelson, who was present as a

spectator, was standing at the end of the court dressed in his uniform. After witnessing John's behavior, Officer Nelson came out onto the court, and confronted John. John pulled away from him and headed down a hallway toward the locker room. Officer Nelson followed John down the hallway and pinned him up against a wall. Dale and his wife were sitting across the floor from the Whitehall bench. They saw the confrontation with Officer Nelson and ran down the hallway to where Officer Nelson was holding John. As Officer Nelson continued to hold John, Dale and Officer Nelson exchanged words. Dale then placed a hand on Officer Nelson's shoulder. As he did so, Officer Nelson turned and pushed Dale against the wall. John then pulled Officer Nelson away from his father by grabbing Officer Nelson around the neck with his arm.

¶5 The Feights appeared before the Jefferson County Justice of the Peace on the same day the complaint was filed. After they were informed of their rights, they waived their right to counsel and pleaded guilty to the assault charges. The Justice Court sentenced Dale to six months of incarceration, with all but two days suspended, and a $300 fine, The court sentenced John to six months of incarceration, with all but five days suspended, and a $500 fine.

¶6 On March 29, 2000, the Feights, through counsel, filed motions to withdraw their guilty pleas. The Feights claimed that they had good cause to withdraw their pleas based on § 46-16-105(2), MCA; the "records and files in this case;" the attached affidavit of each defendant; and a brief "to be filed within five days" of the filing of the motions. The Feights contended in their affidavits that they pleaded guilty only after the county attorney threatened to charge John with a felony and send him to prison. Contrary to the statement they made in their motions, the Feights failed to file a brief within five days.

¶7 On April 13, 2000, the Justice Court, without holding a hearing, denied the Feights' motion to withdraw their guilty pleas. The court stated that the defendants had been given due process; that they had waived their right to counsel; and that they had voluntarily, knowingly, and willingly entered pleas of guilty.

¶8 The Feights appealed the denial of their motion to withdraw their guilty pleas to the District Court. The State moved to dismiss the Feights' appeal contending, in part, that the District Court lacked appellate jurisdiction to review a denial of a motion to withdraw a guilty plea. On August 21, 2000, the District Court filed its Findings and Order dismissing the Feights' appeal and remanding to the Justice Court with a recommendation that the Justice Court allow the Feights to withdraw their guilty pleas. Instead, the Justice Court

reinstated the judgments against the Feights and they now appeal to this Court.

## Discussion

¶9 *Whether the District Court erred in dismissing the Feights' appeal from a Justice Court order denying their motion to withdraw their guilty pleas.*

¶10 The District Court did not state the basis for its dismissal but appears to have accepted the State's argument that dismissal was proper because the court lacked jurisdiction. Relying on *State v. Rogers* (1994), 267 Mont. 190, 883 P.2d 115, the Feights argue that the denial of a motion to withdraw a guilty plea is a final justice court proceeding from which there is a statutory right to appeal to a district court. The State agrees that the right to appeal from a justice court is statutory, but argues that there is no statutory authority for an appeal from an order denying a motion to withdraw a guilty plea. We agree with the State.

¶11 We have repeatedly stated that the right to appeal a criminal conviction from a justice court is purely statutory. *See State v. Barker* (1993), 260 Mont. 85, 91, 858 P.2d 360, 363; *State v. Ward* (1994), 266 Mont. 424, 427, 880 P.2d 1343, 1345; *State v. Todd* (1993), 262 Mont. 108, 113, 863 P.2d 423, 426. Moreover, we have stated that a new trial in district court is the exclusive statutory appellate remedy from a justice court and that "[a] district court does not have appellate jurisdiction to review the correctness of legal conclusions made by a justice court."[(1)] *Todd*, 262 Mont. at 113, 863 P.2d at 426. *See also State v. Rogers* (1994), 267 Mont. 190, 197, 883 P.2d 115, 119-20 (Nelson, J., dissenting).

¶12 The Feights assert on appeal that no statute specifically *prohibits* their right to appeal to the district court from a denial of a motion to withdraw a guilty plea entered in justice court. However, that is not the appropriate inquiry. Since the right to appeal a criminal conviction from justice court is purely statutory (see *Barker, Ward,* and *Todd*), the correct inquiry is whether any statute *authorizes* such an appeal. In fact, no such statute exists. Indeed, the contrary is true.

¶13 Section 3-5-303, MCA, provides:

> Except as provided in 46-17-203, the district court has appellate jurisdiction in cases arising in justices' courts and other courts of limited jurisdiction in their respective districts as may be prescribed by law and consistent with the constitution.

The noted exception, § 46-17-203, MCA, provides that entry of a guilty plea in justice court waives a defendant's right to a trial *de novo*. Section 46-17-203(2), MCA. This exception is applicable here because the Feights pleaded guilty and, therefore, waived their right to appeal by a trial *de novo*.

¶14 Statutes relating to appeals are mandatory and jurisdictional, and, in a sense, prohibitory and jurisdictional in that they limit the right of appeal to the method expressly provided by statute. *Montana Power Co. v. Montana Dept. of Pub. Serv. Regulation* (1985), 218 Mont. 471, 479, 709 P.2d 995, 999 (citing *State ex rel. Clark v. District Court* (1955), 128 Mont. 526, 528, 278 P.2d 1000, 1001; *In re Malick's Estate* (1951), 124 Mont. 585, 589, 228 P.2d 963, 965).

¶15 In this case, § 46-17-311, MCA, provides the exclusive statutory remedy for appeals from the courts of limited jurisdiction. *See Todd*, 262 Mont. at 113, 863 P.2d at 426. Section 46-17-311(2), MCA, provides that the district court must conduct a trial *de novo* after a lower court's "judgment is rendered following a trial." Here, because of the Feights' guilty pleas, there was no trial and no entry of judgment following a trial.

¶16 Section 46-17-311, MCA, does provide for a district court to review legal issues preserved for appeal pursuant to § 46-12-204, MCA. Specifically, a defendant may enter a guilty plea and, with the approval of the court and consent of the prosecution, reserve the right to appeal to the district court from "the adverse determination of any specified pretrial motion." Section 46-12-204(3), MCA. However, the Feights did not preserve or seek appellate review of a pretrial motion in compliance with this statute. Therefore, § 46-12-204, MCA, does not authorize their appeal.[(2)]

¶17 In short, the Feights are unable to point to any statutory authority for appeal to the District Court from a denial of a motion to withdraw a guilty plea. Instead, the Feights rely on *State v. Rogers* (1994), 267 Mont. 190, 883 P.2d 115.

¶18 *Rogers* is not on point, however, because we did not discuss in that case the withdrawal of a guilty plea. Instead, *Rogers* dealt with an appeal following the revocation of a suspended sentence. We reversed the district court's dismissal of the appeal in that case and focused on whether a revocation of a suspended sentence was a criminal proceeding falling within the ambit of § 46-17-311, MCA (1993). R*ogers*, 267 Mont. at 193-94, 883 P.2d at 118.

¶19 The 1997 Legislature codified *Rogers* and amended § 46-17-311, MCA, to specifically provide for an appeal to the district court from a justice or city court revocation of suspended sentence. *See* Sec. 1, Ch. 149, L. 1997. However, there is absolutely nothing in the text of this amendment nor in its legislative history which extends the right of appeal to all post-judgment orders, either explicitly or implicitly. Indeed, one must conclude the contrary. Had the Legislature intended such a broad extension of appellate rights, it would have done so expressly.

¶20 The Feights also rely on § 46-20-104, MCA, for the proposition that a defendant may appeal any final judgment or order except as otherwise provided by law. However, this statute is inapposite to the issue before us. Section 46-20-104, MCA, is a general statute defining the scope of appeal by a criminal defendant. This statute does not address the jurisdiction of a district court to entertain an appeal from a justice court in the first instance. Sections 3-5-303, 46-17-203, 46-17-311 and 46-12-204, MCA, are the specific code sections which provide for and define the parameters of the jurisdiction of a district court to entertain appeals from justice courts.

¶21 In this respect, it is a well-settled rule of statutory construction that the specific prevails over the general. A particular statutory intent controls over a general one which is inconsistent with it. Section 1-2-102, MCA. Further, when two statutes deal with a subject, one in general and comprehensive terms, and the other in minute and more definite terms, the more definite statute will prevail to the extent of any opposition between them. *In re Marriage of Jones* (1987), 226 Mont. 14, 16, 736 P.2d 94, 95. *Accord Schuff v. A.T. Klemens & Son*, 2000 MT 357, ¶ 116, 303 Mont. 274, ¶ 116, 16 P.3d 1002, ¶ 116; *State v. Smaage* (1996), 276 Mont. 94, 97, 915 P.2d 192, 194. Accordingly, §§ 3-5-303, 46-17-203, 46-17-311 and 46-12-204, MCA, being the specific legislative scheme defining the jurisdiction of district courts to hear appeals from justice courts, these statutes control over § 46-20-104, MCA, which only generally defines the scope of criminal appeals by the defendant.

¶22 In summary, there is no statutory right of appeal from a justice court's order denying a motion to withdraw a guilty plea. The proper branch of government--the Legislature--has not created such a right and this Court is prohibited from exercising the prerogative of the Legislature to create or to refrain from creating such a right absent some constitutional imperative to do so. *See* Art. III, Sec. 1, Mont. Const. ("No person or persons charged with the exercise of power properly belonging to one branch shall exercise any power properly belonging to either of the others, except as in this constitution expressly directed or

permitted.")

¶23 Accordingly, we hold that the District Court did not err in dismissing the Feights' appeal from a Justice Court order denying their motion to withdraw their guilty pleas.

¶24 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ JIM RICE

Justice James C. Nelson specially concurs.

¶25 Were there the votes to do so, I would overrule our decision in *Rogers.* As noted in the Court's opinion, *Rogers* dealt with an appeal following the revocation of a suspended sentence. We reversed the district court's dismissal of the appeal and focused on whether a revocation of a suspended sentence was a criminal proceeding falling within the ambit of § 46-17-311, MCA (1993). *Rogers*, 267 Mont. at 193-94, 883 P.2d at 118. As I did then, I continue to maintain that *Rogers* was not correctly decided. S*ee Rogers*, 267 Mont. at 196-99, 883 P.2d at 119-21 (Nelson, J., dissenting).

¶26 In *Rogers* we "plainly usurped the prerogative and function of the legislature to statutorily create and define the parameters of and procedures governing appeals from courts of limited jurisdiction to the district courts." *Rogers*, 267 Mont. at 198-99, 883 P.2d at 121 (Nelson, J., dissenting). We did so by ignoring the primary rule of statutory construction and, instead, embarked upon the ethereal quest of divining a legislative intent contrary to that clearly and actually expressed in the plain language of the statute. As a result *Rogers* was more "our testament to the way we wished the law was, rather than a forthright interpretation of what the law actually is." *Rogers* 267 Mont. at 196, 883 P.2d at

119 (Nelson, J., dissenting).

¶27 As also noted, subsequent to *Rogers,* the Legislature corrected the majority's foray into law-making by codifying our decision. As a result, *Rogers* has no further precedential value and now stands as little more than an anomalous, result-oriented decision. Indeed, it is time that we remove this opinion from the jurisprudence of this State.

¶28 I would overrule *Rogers*.

/S/ JAMES C. NELSON

Justice W. William Leaphart and Jim Rice concur in the foregoing special concurrence.

/S/ W. WILLIAM LEAPHART

/S/ JIM RICE

Justice Jim Regnier Dissenting.

¶29 I respectfully dissent. In my view the Court erred at the outset by incorrectly defining the nature and scope of its inquiry. The Court states that the correct inquiry in determining whether the Feights have the right to appeal from a denial of a motion to withdraw a guilty plea in the justice court is whether any specific statute authorizes such an appeal. I disagree. Although it is true, as the Court notes, that a defendant's right to appeal a conviction from the justice court to the district court is purely statutory, there is a clear statutory basis for an appeal to the district court from a denial of a motion to withdraw a guilty plea.

¶30 Section 3-5-303, MCA, provides that the district court has appellate jurisdiction in cases arising in justice courts and other courts of limited jurisdiction in their respective districts as *may be prescribed by law* and consistent with the constitution, except as provided in § 46-17-203, MCA. Section 46-20-104(1), MCA, further prescribes that an appeal may be taken by the defendant only from a final judgment of conviction and orders after judgment which affect the substantial rights of the defendant. The proper inquiry then is whether there are any other specific statutory provisions that remove a defendant's general right of appeal that the legislature has provided in § 46-20-104(1), MCA, and § 3-5-303, MCA.

¶31 Section 3-5-303, MCA, explicitly carves out one exception to this general right to appeal by specifically referring to those situations defined in § 46-17-203, MCA. Section 46-17-203(2), MCA, provides that a defendant who pleads guilty or *nolo contendere* in a court of limited jurisdiction waives the right of trial *de novo* in district court. The Feights and the State agree that § 46-17-203, MCA, is inapplicable to the case at bar. The parties point out that the Feights seek "de novo" review by the District Court of their motion to withdraw their guilty pleas not a trial *de novo*. It is obvious why the parties reached this consensus. Section 46-17-203(2), MCA, is clearly inapplicable because the Feights did not seek a trial *de novo*, but, rather, sought *de novo* review by the District Court of their motion to withdraw their guilty pleas. Yet the majority curiously, and incorrectly in my view, rejects both the State and Feights' analysis and concludes that the guilty plea exception contained in § 46-17-203, MCA, applies here "because the Feights pleaded guilty and, therefore, waived their right to appeal by a trial *de novo*."

¶32 Two other statutes specifically refer to appeals from the justice court to the district court. Section 46-12-204, MCA, provides that a defendant may plead guilty or *nolo contendere* in the justice court and reserve the right to review, on appeal from the judgment, an adverse determination of any specified pretrial motion. Section 46-12-204, MCA, provides for review of an adverse ruling which the defendant receives *prior to entering a guilty plea*. The Feights did not preserve or seek appellate review of a pretrial motion invoking § 46-12-204, MCA, because they never filed a pretrial motion prior to entering guilty pleas. The Feights seek review of the guilty plea itself, not an adverse determination prior to the guilty pleas. Therefore, § 46-20-204, MCA, is inapplicable.

¶33 The other statute that addresses appeals from the justice court to the district court is § 46-17-311, MCA . Section 46-17-311(1), MCA, provides that except for cases involving the revocation of a suspended sentence and cases which are preserved for appeal pursuant to § 46-12-204, MCA, all cases on appeal from a justice or city court must be tried anew in the district court. Section 46-17-311(2), MCA, sets forth the procedure to be followed to perfect an appeal pursuant to this statutory provision. It provides that the defendant may appeal to the district court by filing a notice of appeal within 10 days after a *judgment is rendered following trial*. Section 46-17-311, MCA, does "provide the exclusive statutory remedy for appeals from the courts of limited jurisdiction" when a judgment is rendered following trial. The triggering event for purposes of § 46-17-311, MCA, is a trial. In this case no trial occurred. The Feights' motion submitted to the District Court was not a "case" seeking trial anew or an appeal following a post-trial judgment. The Feights simply sought review of the Justice Court's denial of their motion to withdraw their guilty pleas.

Therefore, § 46-17-311, MCA, does not apply to the case at bar.

¶34 Since none of the statutes that limit appeals from the justice court to the district court apply in this instance, the general right to appeal found in § 46-20-104, MCA, and § 3-5-303, MCA, controls the disposition of this case. As previously mentioned, the court dismisses § 3-5-303, MCA, under the rationale that this situation comes within the stated exception of § 46-17-203, MCA. However, the Feights are plainly not seeking a trial *de novo* but a review of the Justice Court's denial of their motion to withdraw their guilty pleas. The Court then quickly discards the application of § 46-20-104, MCA, through a general versus specific statutory construction analysis. The Court correctly observes that "it is a well-settled rule of statutory construction that the specific prevails over the general." The majority, however, overlooks the necessary predicate to this maxim of statutory construction: it applies only when the statutes are inconsistent with one another. § 1-2-102, MCA. The Court claims that the specific statutes discussed above, §§ 46-17-203, 46-17-311, and 46-12-204, MCA, are paramount to the more general provision found in § 46-20-104, MCA. I would agree with the Court's analysis that to the extent those statutes conflict with § 46-20-104, MCA, they control. However, as discussed above, I see no conflict with these statutes and § 46-20-104, MCA.

¶35 Absent a statutory mandate to the contrary, defendants are entitled to appeal a justice court's denial of their motion to withdraw a guilty plea pursuant to § 46-20-104, MCA, and § 3-5-303, MCA. I would reverse the District Court's denial of the Feights' motion as I believe the District Court had jurisdiction to consider their appeal. Therefore, I dissent.

/S/ JIM REGNIER

Justices Terry N. Trieweiler and Patricia O. Cotter join in the foregoing dissent.

/S/ TERRY N. TRIEWEILER

/S/ PATRICIA COTTER

1. We have carved out two limited exceptions to this rule where we determined that the error complained of cannot be cured by a trial *de novo* in a district court. *See State v. Barker* (1993), 260 Mont. 85, 858 P.2d 360 ("the constitutional protection against double jeopardy forbids a retrial on charges of which a defendant has been acquitted"); *State ex. rel. Wilson v. District Court* (1995), 270 Mont. 449, 893 P.2d 318 (a district court can

review a justice court's denial of a defendants motion to dismiss for lack of a speedy trial). Neither a double jeopardy claim nor a speedy trial claim is at issue here.

2. The State, in its brief on appeal, suggests that the proper remedy in this case is not to seek withdrawal of the guilty plea "for good cause" and then appeal that decision to the District Court, but rather, to seek post-conviction relief from the District Court pursuant to §§ 46-21-101 through 203, MCA. We express no opinion as to this suggestion.