No. 86-47

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

STATE OF MONTANA, ex rel., GARY
ABRITT,

        Defendant/Petitioner,

  -vs-

JUSTICE COURT OF LAKE COUNTY, Polson,
Montana, CHARLES C. MEYER, Justice of
the Peace,

        Respondent.

---

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

      For Petitioner:

          Thomas Alan Kragh, Polson, Montana

      For Respondent:

          Hon. Mike Greely, Attorney General, Helena, Montana

---

        Submitted: January 22, 1986
          Decided: February 13, 1986

Filed:   FEB 13 1986

_____
                Clerk

---

OPINION AND ORDER

---

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The relator, Gary Abbitt, applies to this Court for writ of supervisory control in the following circumstances:

In cause no. 40-338-5 in Lake County Justice of the Peace Court on December 19, 1985, Gary Abbitt, after having been advised of his rights and waiving his right to counsel, entered guilty pleas to the offenses of criminal possession of dangerous drugs, a misdemeanor, and criminal possession of drug paraphernalia, a misdemeanor.

Justice of the Peace Charles C. Meyer imposed on Abbitt sentences of 6 months on each count to be served consecutively in the Lake County jail and in addition imposed a $300 fine on each count.

The defendant, who is indigent, requested counsel for appeal, and the justice of the peace appointed a Lake County public defender, Thomas A. Kragh to represent the defendant.

Abbitt's attorney timely filed a written notice of appeal to the District Court, and the justice of the peace imposed an appeal bond in the sum of $1,500. All parties agree that Abbitt is indigent. The justice of the peace denied the defendant's request to transmit the Justice Court record for appeal to the District Court without Abbitt posting the appeal bond. Abbitt then initiated in the District Court, Twentieth District, Lake County, applications for mandamus and for habeas corpus. Both applications were denied by the District Court upon the authority of State v. Bush (1974), 164 Mont. 81, 518 P.2d 1406.

The holding of Bush must be overruled by us. The facts in Bush were that the defendant had been convicted in the

2

Justice Court of Ravalli County of assault in the third degree. She was fined $150, and sentenced to 60 days in the county jail which was suspended. She filed a written notice of appeal to the District Court of the Fourth Judicial District for Ravalli County. She did not post an appeal bond. The Ravalli county attorney moved to have the appeal dismissed on the grounds that the defendant's failure to post a bond meant the appeal had not been perfected. The District Court granted the motion to dismiss the appeal. The dismissal of the appeal in the District Court was appealed to this Court, the sole issue presented being whether an appeal bond is necessary in a criminal case to perfect an appeal from the Justice Court to the District Court, where the defendant has been convicted.

The court referred to then existing section 95-2009, R.C.M. (1947) which allowed a defendant in a criminal proceedings in justice court to appeal to the District Court by giving written notice of his intent to appeal within 10 days after judgment. Nothing, however, in section 95-2009 requires a posting of a bond to perfect such an appeal.

This Court relied on the revised comment of the Advisory Commission to section 95-2009, R.C.M. (1947), which indicated that the burden is on a defendant in criminal proceedings to perfect an appeal from the Justice Court and stated: "This burden is sustained when the defendant has posted the requisite bond . . . " Id. at 82, 518 P.2d at 1407. This Court therefore implied from the commission comment that the language of the comment indicated an intent to require bond as a part of perfected appeal.

Under our presently existing rules and statutes, it is true that in an appeal of a judgment in a civil case from a

justice court to a district court, the undertaking on appeal "may be in the form of an appeal bond or a deposit of money in the sum equal to the amount of the judgment, including costs." Rule 20, Montana Justice Courts Rules of Civil Procedure.

In appeals from criminal convictions in justice courts however the applicable statute is section 46-17-311, MCA, which is in words and figures as follows:

> Appeal. (1) All cases on appeal from justices' or city courts must be tried anew in the district court and may be tried before a jury of six selected in the same manner as a trial jury in a civil action, except that the total number of jurors drawn shall be at least six plus the total number of peremptory challenges.
>
> (2) A party may appeal to the district court by giving written notice of his intention to appeal within 10 days after judgment, except that the state may only appeal in the cases provided for in 46-20-103.
>
> (3) Within 30 days, the entire record of the justice's or city court proceedings must be transferred to the district court or the appeal must be dismissed. It is the duty of the appellant to perfect the appeal.

There is no statutory provision in an appeal from a criminal conviction in the justice court for the filing of an appeal bond.

The holding in Bush, that in an appeal from a criminal conviction in a justice court to the District Court an appeal bond must be furnished is hereby expressly overruled. There is no such requirement in the law and Abbitt may not be required to furnish an appeal bond in order to perfect his appeal from the Justice Court to the District Court.

Abbitt is presently incarcerated in the Lake County jail. Abbitt has a right to be admitted to bail either in the Justice Court before the appeal is perfected, or in the District Court after the appeal is perfected. He must, of

- 4 -

course, qualify for bail in accordance with the provisions of section 46-9-103, MCA, and the amount of his bail must be determined in accordance with section 46-9-301, MCA. A bail bond has statutory authority and is not to be confused with an appeal bond, for which there is no statutory provision.

ACCORDINGLY, IT IS ORDERED:

1. The Court accepts jurisdiction in this case for the purpose of the issuance of a writ of supervisory control to the Justice Court of Lake County, Montana, Charles C. Meyer, Justice of the Peace presiding.

2. Abbitt is entitled to perfect his appeal without the necessity of filing an appeal bond as required by the justice court.

3. Within 30 days from the issuance of this order and opinion, the entire record of the Justice's Court proceedings relating to Abbitt must be transferred to the District Court, or his appeal must be dismissed. It shall be the duty of Abbitt to perfect the appeal. Section 46-17-311, MCA.

4. A copy of this order and opinion shall be and constitute and serve the office of a writ of supervisory control to effectuate the orders of this Court herein contained.

5. Copies of this opinion and order shall be served by the Clerk of this Court by ordinary mail upon counsel of record, the District Court of the Twentieth Judicial District, County of Lake, and upon the Justice Court of Lake County, Polson, Montana, Charles C. Meyer, Justice of the Peace presiding.

DATED this _13th_ day of February, 1986.

_____
John C. Shirley
                Justice

We Concur:

_____
                Chief Justice

_____
John Conway Harrison

_____

_____

_____
                            ,

_____
William E. Hewitt
                Justices