No. 93-656

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

     Plaitniff and Respondent,

  v.

LORETTA WARD,

     Defendant and Appellant.

APPEAL FROM:  District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron L. Robb, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Sarah Arnott Ozment, Attorney at Law,
Livingston, Montana

     For Respondent:

          Hon. Joseph P. Mazurek, Attorney General,
Barbara C. Harris, Assistant Attorney
General, Helena, Montana

          Robert L. Jovick, Livingston City Attorney,
Livingston, Montana

Submitted on Briefs: August 4, 1994

Decided: September 15, 1994

FILED

SEP 15 1994

Filed:

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Defendant Loretta Ward was convicted of misdemeanor assault in Livingston City Court in Park County. Ward was fined $120 and required to pay $132.75 to the victim as restitution for her medical expenses. Ward subsequently filed a notice of appeal and a request to transfer her records to the District Court of the Sixth Judicial District in Park County. The District Court directed her to post a $1000 cash appearance bond, or a commercial surety bond, within ten days. The court notified her that failure to post the bond would result in dismissal of her appeal and reinstatement of the City Court judgment. Ward did not pay the appearance bond and her appeal to the District Court was subsequently dismissed. From this judgment, Ward appeals. We reverse the judgment of the District Court.

The following issue is dispositive on appeal:

Did the District Court err when it required defendant to post a $1000 appearance bond and dismissed defendant's appeal based on her failure to post the bond?

## FACTUAL BACKGROUND

Ward was charged by complaint with assaulting Sharon LaTreille on or about March 31, 1993. It was alleged that Ward picked up LaTreille and shoved her against a wall, in violation of § 45-5-201(1)(c), MCA. On July 14, 1993, Ward appeared pro se, waived her right to a jury trial, and was convicted in Livingston City Court of misdemeanor assault, in violation of § 45-5-201, MCA.

2

On July 30, 1993, Ward was sentenced to pay a fine of $120 and restitution in the amount of $132.75 to the victim for her medical expenses. On August 9, 1993, Ward filed a motion with the City Court for a stay of execution pending an appeal. That motion was granted. On the same date, Ward requested that the City Court transfer the record to the District Court. She then appealed to the District Court from the final judgment entered by the City Court.

On August 27, 1993, the District Court issued an oral order stating that:

> [D]efendant is directed to post an appearance bond of $1000 cash or commercial surety bond within the next ten (10) days or her appeal from Livingston City Court on a misdemeanor assault charge shall be dismissed and the City Court judgment reinstated.

On September 9, 1993, Ward filed an objection to the District Court's imposition of an appearance bond based on our prior decision in *State ex rel. Abbitt v. Justice Court of Lake County* (1986), 220 Mont. 210, 714 P.2d 140. In *Abbitt*, 714 P.2d at 142, we held that "there is no statutory provision in an appeal from a criminal conviction in the justice court for the filing of an appeal bond."

On September 22, 1993, by oral order of the District Court, Ward's objection to the appearance bond was denied. The District Court stated:

> [I]f she desires to have a trial de novo in district court, she must post a $1000 cash or commercial surety bond within ten (10) days hereafter, or her appeal will be dismissed and the city court judgment reinstated.

On October 26, 1993, after Ward failed to post an appearance bond as directed by the District Court, her appeal was dismissed and the City Court's judgment reinstated.

On November 24, 1993, Ward filed her notice of appeal with this Court. She originally requested that this Court issue a writ of supervisory control, declaring that the District Court may not require an appearance bond in this matter. However, she subsequently withdrew that request. Therefore, we do not discuss the merits of supervisory control.

## DISCUSSION

Did the District Court err when it required defendant to post a $1000 appearance bond and dismissed defendant's appeal based on her failure to post the bond?

When we review a district court's dismissal of an appeal from a city court judgment based on an issue of law, we will uphold the district court's action, unless the district court incorrectly interpreted the law. *In re Marriage of Barnard* (Mont. 1994), 870 P.2d 91, 93, 51 St. Rep. 173, 174. We held in *Barnard* that "we review conclusions of law to determine whether the district court's interpretation of the law was correct." *Barnard*, 870 P.2d at 93 (citing *In re Marriage of Burris* (1993), 258 Mont. 265, 269, 852 P.2d 616, 619).

There is no statutory or case law which requires an appeal bond to perfect an appeal in a criminal matter from city court to

4

district court.  Therefore, the District Court's imposition of an appeal bond was an incorrect application of the law.

A defendant may appeal from justice, municipal, or city courts pursuant to § 46-17-311, MCA.  This statute states:

> (1) Except for cases in which legal issues are preserved for appeal pursuant to 46-12-204, all cases on appeal from a justices or city court must be tried anew in the district court and may be tried before a jury of six selected in the same manner as for other criminal cases. An appeal from a municipal court to the district court is governed by 3-6-110.
> (2)  The defendant may appeal to the district court by filing written notice of intention to appeal within ten days after a judgment is rendered following trial.
> . . .
> (3)  Within 30 days of filing the notice of appeal, the court shall transfer the entire record of the court of limited jurisdiction to the district court.

"This Court has consistently held that strict compliance with [this statute] . . . is necessary to perfect an appeal." *State v. Spieth* (1990), 244 Mont. 392, 394, 797 P.2d 221, 222 (citing *State v. Arthur* (1988), 234 Mont. 75, 76-77, 761 P.2d 806, 807).  Also, "the right to appeal a criminal conviction from justice or city court is purely statutory." *Spieth*, 797 P.2d at 222 (citing *State v. Hartford* (1987), 228 Mont. 254, 256, 741 P.2d 1337, 1338).  To perfect an appeal, a defendant must file written notice of intention to appeal within ten days after a judgment is rendered following trial. Within 30 days of filing the notice of appeal, the court shall transfer the entire record of the court of limited jurisdiction to the district court.  Section 46-17-311(2) and (3), MCA.  This

5

statute does not require that an appeal bond (whether denominated an "appeal" bond or an "appearance" bond) be posted to perfect an appeal from a city court judgment to a district court. We have previously held that in the absence of such a requirement, the district court cannot impose one. *Abbitt*, 714 P.2d at 142; *City of Missoula v. Shea* (1983), 202 Mont. 286, 298, 661 P.2d 410, 416.

In this case, Ward appealed to the District Court within ten days after the judgment was rendered by the City Court and also requested that the City Court transfer her entire record to the District Court within 30 days of the City Court judgment. She properly perfected her appeal to the District Court.

The State argues that the District Court properly set bail pending Ward's appeal. The State argues that bail is the alternative to incarceration and is to be set in all criminal cases, except certain death penalty cases, pending conviction, for the purposes of insuring the presence of the defendant in the pending criminal proceeding. However, even the State agrees that the District Court improperly dismissed Ward's appeal.

Here, the District Court did not order Ward to post bail. If bail was ordered and payment was not made, a warrant could then issue for her arrest. In this case, no warrant was issued for Ward's arrest; Ward's appeal to the District Court was dismissed.

We conclude that the District Court erred when it required Ward to post an appearance bond and then dismissed her appeal based on her failure to do so.

The judgment of the District Court is reversed and this case is remanded for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

7