JUSTICE NELSON
delivered the Opinion of the Court.
¶1 Dale and John Feight (the Feights) pleaded guilty in Jefferson County Justice Court to misdemeanor assault. They subsequently filed motions to withdraw their guilty pleas, but the Justice Court denied those motions. The Feights appealed the denial of their motions to the District Court for the Fifth Judicial District, Jefferson County. The District Court dismissed the appeal and remanded to the Justice Court. The Justice Court reinstated the judgments against the Feights. The Feights now appeal to this Court. We affirm.
¶2 The Feights raise the following issue on appeal: Whether the District Court erred in dismissing the Feights’ appeal from a Justice Court order denying their motion to withdraw their guilty pleas.
Factual and Procedural Background
¶3 On February 25, 2000, the Feights were each charged with misdemeanor assault in violation of § 45-5-201, MCA. The State’s Complaint & Affidavit of Probable Cause claimed that on February 18, 2000, the Feights had “purposely or knowingly made physical contact of an insulting or provoking nature with Montana Highway Patrol Officer Jay Nelson, by pushing, yelling, expressing rage, and attempting to choke the officer.” The assault charges arose out of an incident between the Feights and Officer Nelson after John was ejected from a boy’s basketball game between Whitehall and Boulder high schools. John was a member of the Whitehall boy’s basketball team at the time of the incident. Dale is John’s father.
¶4 The Feights’ April 26,2000 brief in support of their motion to stay execution of their sentence pending appeal to the District Court contains the following description of the incident. John was ejected from the basketball game for committing a foul after the whistle stopping play had been blown. As he was leaving the court, John expressed his frustration at being ejected by kicking the bleachers. Officer Nelson, who was present as a spectator, was standing at the end of the court dressed in his uniform. After witnessing John’s behavior, Officer Nelson came out onto the court, and confronted John. John pulled away from him and headed down a hallway toward the locker room. Officer Nelson followed John down the hallway and pinned him up against a wall. Dale and his wife were sitting across the floor from the Whitehall bench. They saw the confrontation with Officer Nelson and ran down the hallway to where Officer Nelson was holding John. As Officer Nelson continued to hold John, Dale and *314 Officer Nelson exchanged words. Dale then placed a hand on Officer Nelson’s shoulder. As he did so, Officer Nelson turned and pushed Dale against the wall. John then pulled Officer Nelson away from his father by grabbing Officer Nelson around the neck with his arm.
¶5 The Feights appeared before the Jefferson County Justice of the Peace on the same day the complaint was filed. After they were informed of their rights, they waived their right to counsel and pleaded guilty to the assault charges. The Justice Court sentenced Dale to six months of incarceration, with all but two days suspended, and a $300 fine, The court sentenced John to six months of incarceration, with all but five days suspended, and a $500 fine.
¶6 On March 29,2000, the Feights, through counsel, filed motions to withdraw their guilty pleas. The Feights claimed that they had good cause to withdraw their pleas based on § 46-16-105(2), MCA; the “records and files in this case;” the attached affidavit of each defendant; and a brief “to be filed within five days” of the filing of the motions. The Feights contended in their affidavits that they pleaded guilty only after the county attorney threatened to charge John with a felony and send him to prison. Contrary to the statement they made in their motions, the Feights failed to file a brief within five days.
¶7 On April 13, 2000, the Justice Court, without holding a hearing, denied the Feights’ motion to withdraw their guilty pleas. The court stated that the defendants had been given due process; that they had waived their right to counsel; and that they had voluntarily, knowingly, and willingly entered pleas of guilty.
¶8 The Feights appealed the denial of their motion to withdraw their guilty pleas to the District Court. The State moved to dismiss the Feights’ appeal contending, in part, that the District Court lacked appellate jurisdiction to review a denial of a motion to withdraw a guilty plea. On August 21, 2000, the District Court- filed its Findings and Order dismissing the Feights’ appeal and remanding to the Justice Court with a recommendation that the Justice Court allow the Feights to withdraw their guilty pleas. Instead, the Justice Court reinstated the judgments against the Feights and they now appeal to this Court.
Discussion
¶9 Whether the District Court erred in dismissing the Feights’ appeal from a Justice Court order denying their motion to withdraw their guilty pleas.
¶10 The District Court did not state the basis for its dismissal but appears to have accepted the State’s argument that dismissal was proper because the court lacked jurisdiction. Relying on State v. Rogers (1994), 267 Mont. 190, 883 P.2d 115, the Feights argue that the denial of a motion to withdraw a guilty plea is a final justice court proceeding from which there is a statutory right to appeal to a district court. The State agrees that the right to appeal from a justice court is statutory, *315 but argues that there is no statutory authority for an appeal from an order denying a motion to withdraw a guilty plea. We agree with the State.
¶11 We have repeatedly stated that the right to appeal a criminal conviction from a justice court is purely statutory. See State v. Barker (1993), 260 Mont. 85, 91, 858 P.2d 360, 363; State v. Ward (1994), 266 Mont. 424, 427, 880 P.2d 1343, 1345; State v. Todd (1993), 262 Mont. 108, 113, 863 P.2d 423,426. Moreover, we have stated that a new trial in district court is the exclusive statutory appellate remedy from a justice court and that “[a] district court does not have appellate jurisdiction to review the correctness of legal conclusions made by a justice court.”[1] Todd, 262 Mont. at 113, 863 P.2d at 426. See also State v. Rogers (1994), 267 Mont. 190, 197, 883 P.2d 115, 119-20 (Nelson, J., dissenting).
¶ 12 The Feights assert on appeal that no statute specifically prohibits their right to appeal to the district court from a denial of a motion to withdraw a guilty plea entered in justice court. However, that is not the appropriate inquiry. Since the right to appeal a criminal conviction from justice court is purely statutory (see Barker, Ward, and Todd), the correct inquiry is whether any statute authorizes such an appeal. In fact, no such statute exists. Indeed, the contrary is true.
¶13 Section 3-5-303, MCA, provides:
Except as provided in 46-17-203, the district court has appellate jurisdiction in cases arising injustices’ courts and other courts of limited jurisdiction in their respective districts as may be prescribed by law and consistent with the constitution.
The noted exception, § 46-17-203, MCA, provides that entry of a guilty plea in justice court waives a defendant’s right to a trial de novo. Section 46-17-203(2), MCA. This exception is applicable here because the Feights pleaded guilty and, therefore, waived their right to appeal by a trial de novo.
¶14 Statutes relating to appeals are mandatory and jurisdictional, and, in a sense, prohibitory and jurisdictional in that they limit the right of appeal to the method expressly provided by statute. Montana Power Co. v. Montana Dept. of Pub. Serv. Regulation (1985), 218 Mont. 471, 479, 709 P.2d 995, 999 (citing State ex rel. Clark v. District Court (1955), 128 Mont. 526, 528, 278 P.2d 1000, 1001; In re Malick’s Estate (1951), 124 Mont. 585, 589, 228 P.2d 963, 965).
*316 ¶15 In this case, § 46-17-311, MCA, provides the exclusive statutory remedy for appeals from the courts of limited jurisdiction. See Todd, 262 Mont. at 113, 863 P.2d at 426. Section 46-17-311(2), MCA, provides that the district court must conduct a trial de novo after a lower court’s “judgment is rendered following a trial.” Here, because of the Feights’ guilty pleas, there was no trial and no entry of judgment following a trial.
¶16 Section 46-17-311, MCA, does provide for a district court to review legal issues preserved for appeal pursuant to § 46-12-204, MCA. Specifically, a defendant may enter a guilty plea and, with the approval of the court and consent of the prosecution, reserve the right to appeal to the district court from “the adverse determination of any specified pretrial motion.” Section 46-12-204(3), MCA. However, the Feights did not preserve or seek appellate review of a pretrial motion in compliance with this statute. Therefore, § 46-12-204, MCA, does not authorize their appeal.[2]
¶17 In short, the Feights are unable to point to any statutory authority for appeal to the District Court from a denial of a motion to withdraw a guilty plea. Instead, the Feights rely on State v. Rogers (1994), 267 Mont. 190, 883 P.2d 115.
¶18 Rogers is not on point, however, because we did not discuss in that case the withdrawal of a guilty plea. Instead, Rogers dealt with an appeal following the revocation of a suspended sentence. We reversed the district court’s dismissal of the appeal in that case and focused on whether a revocation of a suspended sentence was a criminal proceeding falling within the ambit of § 46-17-311, MCA (1993). Rogers, 267 Mont. at 193-94, 883 P.2d at 118.
¶19 The 1997 Legislature codified Rogers and amended § 46-17-311, MCA, to specifically provide for an appeal to the district court from a justice or city court revocation of suspended sentence. See Sec. 1, Ch. 149, L. 1997. However, there is absolutely nothing in the text of this amendment nor in its legislative history which extends the right of appeal to all post-judgment orders, either explicitly or implicitly. Indeed, one must conclude the contrary. Had the Legislature intended such a broad extension of appellate rights, it would have done so expressly.
¶20 The Feights also rely on § 46-20-104, MCA, for the proposition that a defendant may appeal any final judgment or order except as otherwise provided by law. However, this statute is inapposite to the issue before us. Section 46-20-104, MCA, is a general statute defining *317 the scope of appeal by a criminal defendant. This statute does not address the jurisdiction of a district court to entertain an appeal from a justice court in the first instance. Sections 3-5-303,46-17-203,46-17-311 and 46-12-204, MCA, are the specific code sections which provide for and define the parameters of the jurisdiction of a district court to entertain appeals from justice courts.
¶21 In this respect, it is a well-settled rule of statutory construction that the specific prevails over the general. A particular statutory intent controls over a general one which is inconsistent with it. Section 1-2-102, MCA. Further, when two statutes deal with a subject, one in general and comprehensive terms, and the other in minute and more definite terms, the more definite statute will prevail to the extent of any opposition between them. In re Marriage of Jones (1987), 226 Mont. 14, 16, 736 P.2d 94, 95. Accord Schuff v. A.T. Klemens & Son, 2000 MT 357, ¶ 116, 303 Mont. 274, ¶ 116, 16 P.3d 1002, ¶ 116; State v. Smaage (1996), 276 Mont. 94, 97, 915 P.2d 192, 194. Accordingly, §§ 3-5-303, 46-17-203, 46-17-311 and 46-12-204, MCA, being the specific legislative scheme defining the jurisdiction of district courts to hear appeals from justice courts, these statutes control over § 46-20-104, MCA, which only generally defines the scope of criminal appeals by the defendant.
¶22 In summary, there is no statutory right of appeal from a justice court’s order denying a motion to withdraw a guilty plea. The proper branch of government-the Legislature-has not created such a right and this Court is prohibited from exercising the prerogative of the Legislature to create or to refrain from creating such a right absent some constitutional imperative to do so. See Art. Ill, Sec. 1, Mont. Const. (“No person or persons charged with the exercise of power properly belonging to one branch shall exercise any power properly belonging to either of the others, except as in this constitution expressly directed or permitted.”)
¶23 Accordingly, we hold that the District Court did not err in dismissing the Feights’ appeal from a Justice Court order denying their motion to withdraw their guilty pleas.
¶24 Affirmed.
CHIEF JUSTICE GRAY, JUSTICES LEAPHART and RICE concur.

 We have carved out two limited exceptions to this rule where we determined that the error complained of cannot be curedby a trial de novo in a district court. See State v. Barker (1993), 260 Mont. 85, 858 P.2d 360 (“the constitutional protection against double jeopardy forbids a retrial on charges of which a defendant has been acquitted”); State ex. rel. Wilson v. District Court (1995), 270 Mont. 449, 893 P.2d 318 (a district court can review a justice court’s denial of a defendants motion to dismiss for lack of a speedy trial). Neither a double jeopardy claim nor a speedy trial claim is at issue here.

 The State, in its brief on appeal, suggests that the proper remedy in this case is not to seek withdrawal of the guilty plea “for good cause* and then appeal that decision to the District Court, but rather, to seek post-conviction relief from the District Court pursuant to §§ 46-21-101 through 203, MCA. We express no opinion as to this suggestion.