JUSTICE RICE
delivered the Opinion of the Court.
¶1 Following Defendant Joachim Kempin’s failure to appear before the Justice Court in Powder River County, Montana, the appearance bonds he had posted on seven charges alleging violations of Montana fish and game laws were forfeited by the Justice Court. The covert also suspended Kempin’s hunting, fishing and trapping privileges for ten years. Kempin appealed to the Sixteenth Judicial District Court, which dismissed the appeal for lack of jurisdiction. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
¶2 Alerted by a concerned neighbor, State game wardens investigated alleged hunting violations at a Powder River County ranch owned by Washington resident Joachim Kempin. Cited on five separate counts in late October, 1999, Kempin received Notices to Appear and Complaints (Notices) in Powder River County Justice Court on the following charges: killing two antelope without a license, under § 87-2-103(l)(c), MCA; two counts of illegally using the hunting permit of another, under § 87-2-110, MCA; and one count of harassing an antelope with a vehicle, under § 87-3-125(2), MCA. Two days later, Kempin was issued two additional Notices for killing a mule deer without a license, under § 87-2-103(l)(c), MCA, and, again, using a hunting tag belonging to another. The Notices set the bond amounts for each offense, and separately listed restitution amounts to the State of Montana for each of the three illegally taken game animals. Six of the seven citations noted the violation exposed Kempin to forfeiture of hunting privileges.
¶3 The Notices directed Kempin to appear in Justice Court in Broadus, Montana, on or before December 6, 1999. On that day, Justice' of the Peace Peggy D. Jones received a telephone call from *19 Mark McLaverty, counsel retained by Kempin. McLaverty requested a continuance to give Ms client additional time to get the bond money to the court. Judge Jones granted the request and reset the appearance date for December 10,1999. When Kempin did not appear or post bond by that date, the court issued warrants for Kempin’s arrest. On December 22,1999, Kempin’s local ranch manager, Peter Maul, who had been charged with similar offenses, delivered Kempin’s bonds and restitution penalties to the court, with a note that read:
Fri. Dec. 17, 1999
Judge Jones,
Thank you for your patience, and our apologies for requiring it.
Enclosed $4400.- for hunting violations.
With regrets and apologies --
JoacMm Kempin & Peter Maul
The amount transmitted to the Justice Court was not only sufficient to post Kempin’s bonds for the offenses, but also to pay the amounts required for restitution.[1] Upon receipt of the funds, Judge Jones recalled and dismissed the arrest warrants. On January 4, 2000, the court forfeited the seven bonds, and notified Kempin and Ms attorney that Kempin’s Montana hunting, fishing and trapping privileges had been suspended for ten years.
¶4 Kemprn filed a notice of appeal to District Court. The Powder River County Attorney moved to dismiss the appeal for lack of jurisdiction. As a back-up measure, the County Attorney filed a separate criminal complaint against Kempin that encompassed the seven hunting violations. Kempin appeared at the arraignment M District Court on February 2, 2000, and entered a plea of not guilty.
¶5 Counsel McLaverty represented Kempin at the District Court hearmg on the motion to dismiss the appeal on May 10, 2000. Judge Jones testified that at no time did Kempin or McLaverty appear before the Justice of the Peace, request a second continuance or indicate a desire to enter a plea. Judge Jones told the court that on December 6, 1999, when McLaverty called the Justice Court to request a continuance for Kempin’s appearance date, McLaverty informed her *20 that Kempin wished to post and then forfeit the bonds for all seven violations. Judge Jones recalled that during this same conversation she discussed the fact that Kempin stood to lose his hunting, fishing and trapping privileges as a result of the violations. McLaverty testified that he did talk to Judge Jones about possible loss of privileges, and about forfeiting the bonds, but that he did not believe he had made a statement indicating Kempin’s intention to forfeit the bonds. The District Court found Judge Jones’ testimony to be credible and dismissed the appeal, concluding that Kempin had no statutory right to appeal the forfeitures as a matter of law.
¶6 The issue before this Court is whether the District Court erred in dismissing Kempin’s appeal of the forfeiture of his bonds by Justice Court for lack of jurisdiction.
STANDARD OF REVIEW
¶7 The standard of review of a district court’s conclusions of law is whether the court’s interpretation of the law is correct. State v. Ward (1994), 266 Mont. 424, 426, 880 P.2d 1343, 1345; Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.
DISCUSSION
¶8 The Montana Constitution states the district courts “shall hear appeals from inferior courts as trials anew unless otherwise provided by law.” Art. VII, Sec. 4, Mont. Const. This Court has stated repeatedly that appeal of a criminal conviction from a court of limited jurisdiction is governed by statute. State v. Feight, 2001 MT 205, ¶ 11, 306 Mont. 312, ¶ 11, 33 P.3d 623, ¶ 11 (citing State v. Barker (1993), 260 Mont. 85, 91, 858 P.2d 360, 363; Ward, 266 Mont. at 427, 880 P.2d at 1345; State v. Todd (1993), 262 Mont. 108, 113, 863 P.2d 423, 426). Statutes relating to appeals are mandatory and jurisdictional, and, in a sense, prohibitory and jurisdictional in that they limit the right of appeal to the method expressly provided by statute. Feight, ¶ 14 (citing Montana Power Co. v. Montana Dept. of Pub. Serv. Regulation (1985), 218 Mont. 471, 479, 709 P.2d 995, 999).
¶9 Section 46-17-311, MCA, provides the exclusive statutory remedy for appeals from the courts of limited jurisdiction. Feight, ¶ 15. The statute outlines three circumstances under which a criminal defendant may appeal to the district court for a trial de novo: 1) when a defendant pleads guilty or nolo contendré but preserves legal issues raised by pretrial motion for appeal; 2) when a defendant files “written notice of intention to appeal within 10 days after a judgment is *21 rendered following trial”; and, 3) when a defendant appeals revocation of a suspended sentence. Section 46-17-311(1), (2) and (4), MCA. Here, Kempin raised no appealable pre-trial issues and revocation of a suspended sentence bears no relevance. Kempin appeals the District Court’s interpretation of the second statutory basis for appeal.
¶10 Kempin asserts he perfected his appeal to District Court when he filed a notice of intent to appeal within 10 days of judgment. Kempin claims the language of § 46-17-311(2), MCA, allowing an appeal “following trial,” does not explicitly exclude an appeal following forfeiture. Therefore, Kempin reasons, an appeal is not proscribed. In the alternative, Kempin asserts § 46-17-311(2), MCA, is unconstitutionally vague. The State counters that an appeal to district court is only available “after judgment is rendered following trial” and no justice court trial occurred in Kempin’s case.
¶11 This Court has consistently held that strict compliance with § 46-17-311, MCA, is necessary to perfect an appeal. Ward, 266 Mont. at 427, 880 P.2d at 1345; State v. Speith (1990), 244 Mont. 392, 394, 797 P.2d. 221, 222. The appeal to district court for a trial de novo “after a judgment is rendered following trial” in a court of limited jurisdiction connotes that issues of fact and law litigated at the lower level then will be re-adjudicated on appeal. The statutory basis for an appeal following trial, outlined by § 46-17-311(2), MCA, is consistent with the constitutional requirement of a trial “anew” on appeal, which presupposes a prior trial.
¶12 The judgment rendered in Kempin’s case followed a forfeiture of bonds posted to secure Kempin’s appearance in justice court. Bond forfeiture serves the same procedural role as a conviction under Montana’s wildlife management laws, as provided in the sentencing statute at issue here:
[A] person, upon conviction or forfeiture of bond or bail, shall forfeit any current hunting, fishing or trapping license issued by this state and the privilege to hunt, fish or trap in this state for 24 months from the date of conviction or forfeiture, unless the court imposes a longer forfeiture period. For each conviction or forfeiture, the department shall notify the person of the loss of privileges. [Emphasis added. ]
Section 87-1-102(2)0»), MCA.
¶13 The District Court found Kempin’s counsel informed the court that Kempin intended to forfeit the bonds posted to secure his appearance before the Justice of the Peace. The post-forfeiture judgment included no jail time, and Kempin’s fines were limited to the amount of the bonds and the restitution Kempin paid to the State of *22 Montana for the three slain game animals. Upon forfeiture, the court suspended Kempin’s hunting privileges for a set period of time and notified both Kempin and his attorney, as required by § 87-1-102 (2)(b), MCA.
¶14 At the hearing on the motion to dismiss Kempin’s appeal, the District Court correctly explained that if a defendant is automatically entitled to a trial de novo on appeal without first having a justice court trial, a defendant could avoid justice court altogether. By not appearing, and forfeiting the justice court bonds, a defendant could then pursue a trial in district court and render the justice court system meaningless.
¶15 We are directed to give meaning to the laws we are asked to interpret and “not insert what has been omitted or omit what has been inserted.” Section 1-2-101, MCA. The Constitution provides for appeals from courts of limited jurisdiction to district courts “as trials anew unless otherwise provided by law.” Art. VII, Sec. 4, Mont. Const. Montana law provides the procedure for perfecting an appeal from a court of limited jurisdiction to district court “after a judgment is rendered following trial.” Section 46-17-311(2), MCA. We read the ■ plain language of the statute to first require a trial in the inferior court before an appeal can be perfected, except for the specific statutory exceptions thereto. We conclude § 46-17-311(2), MCA, is not unconstitutionally vague. The statute sets forth a logical procedure that assures a new trial in district court after a defendant has exhausted all remedies in the courts of limited jurisdiction.
¶16 Kempin claims the Justice Court’s forfeiture of his bond denied him the constitutional right to trial by jury, and the attendant rights to confront witnesses, present witnesses and evidence, receive notice of proceedings and have counsel. He also asserts that his right to due process was violated because forfeiture of his bonds and suspension of his hunting privileges were ordered without notice.
¶17 Kempin’s jury trial arguments are not compelling under the facts of this case. He failed to appear in the Justice Court and assert any of his constitutional rights at either of the times scheduled by the Justice Court for him to do so. The right to trial by jury can be waived by default of appearance. Art. II, Sec. 26, Mont. Const. Further, Kempin’s only direct contact with the Justice Court, made through his counsel, was to request that Judge Jones grant an extension of Kempin’s appearance date so that the bond money could be paid into the court, and, as found by the District Court, that he desired to post and forfeit the bonds. Kempin posted his bond shortly thereafter, including payment of restitution, and did not appear or otherwise request a *23 hearing at any time. Judge Jones acted properly under these circumstances in not conducting either a jury or bench trial. Kempin waived his trial rights by failing to appear.
¶18 Neither do the facts support Kempin’s due process claim. The District Court found that Judge Jones discussed the effect of bond forfeiture with Kempin’s counsel when McLaverty notified the court of Kempin’s intent to forfeit. Kempin also received notice that he risked loss of hunting, fishing and trapping privileges in Montana by the fact that six of the seven written Notices issued to him personally by the game wardens stated that his license privileges may be suspended. In light of Kempin’s stated intention to forfeit the bonds and the advance notice provided to him of the suspension of his privileges, we cannot say that his due process rights were infringed.
¶19 We concur with the District Court’s holding that no statutory basis exists for Kempin’s appeal. The Justice Court lawfully forfeited Kempin’s appearance bonds, which resulted in his convictions on the seven charged violations and consequent loss of privileges. Accordingly, we hold that the District Court did not err in dismissing Kempin’s appeal for lack of jurisdiction.
¶20 Affirmed.
CHIEF JUSTICE GRAY, JUSTICES NELSON and LEAPHART concur.

 The required bonds for Kempin’s violations totaled $2440. The restitution totaled $1300. Kempin was credited for payment of his bonds and restitution from the $4400 transmitted to the Justice Court. The record in this matter does not indicate if the additional $660 transmitted with the letter was applied to bonds posted by Kempin’s co-defendant Peter Maul, whose name appeared on the letter with Kempin’s, or for other purposes.