JUSTICE REGNIER
Concurring.
¶45 I concur with the Court’s analysis in the second issue and I agree with the result reached by the Court on the jurisdictional issue. However, once again, I disagree with the “postconviction relief” formula employed by the Court to establish jurisdiction with the District Court.
¶46 Within the last seven months, this very jurisdictional issue has appeared before this Court on several occasions, and, in all likelihood, the inquiry will not end with this case.[2] Yet, in the short time since October of 2001, the majority has established nothing short of an elusive jurisdictional target for practitioners to hit.
¶47 In Feight, Fox, and Kempin the Court applied a rigid construction of § 46-17-311, MCA, to prohibit the respective appeals from justice court to district court on jurisdictional grounds. In Liefert, in order to circumvent its own narrow jurisdictional construction, the Court deemed Liefert’s appeal from justice court to district court a petition for postconviction relief so that it might address another substantive argument raised in the appeal. Curiously, while Feight, Fox, and Liefert raised identical issues, i.e., whether a district court can review a denial of a motion to withdraw a guilty plea in justice court, the majority reached an entirely different result in Liefert than it did in Feight and Fox based on its postconviction relief concoction.
*528 ¶48 Finally, in the case at bar, the Court reinforces the notion that “a motion to withdraw [a] guilty plea may be granted or denied at the discretion of a justice or city court that has original jurisdiction, with no right of direct appeal.” However, the Court states that “[t]he absence of an appellate remedy and the constitutional claims asserted establish Boucher’s eligibility to pursue postconviction relief in accordance with § 46-21-101, MCA.” Yet, by justifying this postconviction relief fiction in light of the “absence of an appellate remedy,” the Court impliedly validates Justice Cotter’s intimation that the Court has “so little confidence in [Feight’s] correctness that [it] must devise methods to avoid its consequences ....” Liefert, ¶ 34 (Cotter, J., specially concurring).
¶49 Unfortunately, with today’s holding, the majority has once again bypassed an opportunity to revisit the ill-conceived precedent established in Feight. I believe that there currently exists statutory authority which sanctions a defendant’s right to appeal a denial of a motion to withdraw a guilty plea in justice court, aside from the postconviction relief placebo conjured by the Feight majority. In my view, defendants are entitled to appeal a justice court’s denial of their motion to withdraw a guilty plea pursuant to §§ 3-5-303 and 46-20-104, MCA, as outlined in my dissent in Feight.
¶50 I believe the majority’s postconviction relief justification perpetuates the inequitable ambiguity created by Feight and its successors by injecting a “means to an. end” solution into this arena. For the sake of those laboring to abide by its rule of law, the majority would be better served to employ a consistent, objective analysis on this jurisdictional issue involving courts of limited jurisdiction so as to preserve the integrity of our judicial system. To date, it has not done so.
¶51 Consequently, as stated above, I concur with the ultimate result articulated by the majority. However, the jurisdictional justification should be premised on a defendant’s statutory right of appeal promulgated by the Legislature in §§ 3-5-303 and 46-20-104, MCA.
JUSTICE COTTER joins in the foregoing concurrence.

 See State v. Feight, 2001 MT 205, 306 Mont. 312, 33 P.3d 623; State v. Fox, 2001 MT 209, 306 Mont. 353, 34 P.3d 484; State v. Kempin, 2001 MT 313, 308 Mont. 17, 38 P.3d 859; State v. Liefert, 2002 MT 48, 309 Mont. 19, 43 P.3d 329; and the case at bar.